*Scott*
*vs*
Richardson & McCabe.

---

## Scott *vs* Richardson and McCabe.

ERROR TO THE JESSAMINE CIRCUIT.

*Motion.    Sheriff's return.    Habere facias possessionem.*

JUDGE MARSHALL delivered the Opinion of the Court.

IT seems to this Court that when the sheriff had turned all the previous occupants out of the house, and put Scott into it, and given him possession, by words as well as acts, and when he had, besides, removed the goods of the previous occupants out of the dwelling house, he had, in substance and in truth, executed the mandate of the writ of *habere facias*, although he had not removed all the property from the kitchen, as he had intended doing, and would have done but for the service of an injunction at that stage of the proceedings, staying the execution of the writ. And we are of opinion that although he was arrested by the injunction, before he had done all that he had intended to do, yet as he had done all that was essential, and had, in fact, put out the previous occupants and

MOTION.

*Case 151.*

*April 28.*

Turning defendant out of the house and putting plaintiff in, and putting defendant's goods out of the house, and giving plaintiff possession, by words as well as acts, though deft's. goods be not all removed off the premises is in substance an execution of a writ of *habere facias*, and a return to that effect is proper.

SCOTT
vs
RICHARDSON &
McCABE.

put in the party entitled, his return of a full execution of the writ was proper. Wherefore, the judgment quashing the sheriff's return on the writ of *habere facias possessionem*, and directing him to return the same as having been stayed by injunction, is reversed, and the case is remanded with directions to overrule the motion to quash.

*Harlan & Craddock* for plaintiff; *Hewitt and Spillman* for defendants.

## PETITION FOR A RE-HEARING,

### By Mr. Hewitt.

*May 5.*

The counsel for the appellees, laboring under a deep conviction that the judgment rendered by the Court in this case is opposed to a long current of authorities and decisions, both ancient and modern, as well as the general spirit and policy of the law, feel bound most respectfully to recall the attention of the Court to one or two points in the case.

The evidence as spread upon the record, shows most conclusively, that at the time the appellee's injunction was executed upon the appellant and deputy sheriff, staying their further proceedings, they were still upon the premises at work, in removing property, and that the defendants in the *habere facias* were also in the house, still struggling to maintain their possession, and refusing to yield to the process of the Court. That when the injunction was served upon them the deputy sheriff retired leaving the defendants in the writ as well as the plaintiff upon the premises and in the house.

The counsel for the appellees will not contend that the execution would not have been good had the defendants yielded to the process of the law and acknowledged themselves *out*. But the facts were far otherwise, as the record shows. In Watson on the "office and duties of sheriffs," page 216, under the title "*Habere facias possessionem*," it is clearly laid down that "as the sheriff is to give actual possession of the premises recovered, he should remove all persons and their goods from off the premises; for if persons be left on the premises, the ex-

ecution is not complete." The same doctrine is laid down in *Cunningham's Law Dictionary*, if possible still more pointedly and strongly, under the head of *ejectment*, particular title, *"judgment and execution,"* and sundry authorities are there cited in support of the principle. In *5th Dana, page* 379, where this Court decided that it was not necessary to remove the persons and property off the premises, where they submitted quietly to the process of the Court, it was strongly intimated that had *not* the defendant quietly yielded it would have been necessary to make thorough work in removing him and his effects, and we know of no decision of this Court where this principle is overruled.

It would seem further, to the counsel of the appellees, that the policy of the law would discountenance the officers leaving this process but *imperfectly* executed, as it might and probably would lead to personal conflicts between the parties to the writ, if both were left by the officer in the actual occupancy of the premises. The question then would seem to be whether the sheriff shall be permitted to return that he has put the defendant out of the possession and the plaintiff in, when in fact he left the defendants on the premises, resisting the process and claiming and holding the possession, or at least, remaining there forcibly, after the departure of the officer. Admitting the fact that the plaintiff in a *habere facias* has a right to control the writ, it appears that the appellant was not himself satisfied with a partial execution, for the officer was proceeding, under his directions, to remove the whole of the property and to deliver him the premises clear of all resistance or incumbrance; and before he had accomplished what he himself considered a full execution of the writ, he was arrested by injunction. It appears then to the counsel, that inasmuch as the defendants resisted the process, there could be no execution without removing "all persons" and their effects from the premises; "for if persons be left upon the premises the execution is not complete." And as cases might arise in which the mere naked possession might very seriously affect a recovery upon the title, it would seem that officers ought to be held to the strict principles of law in execu-

ting writs of possession, aside from other motives of policy above alluded to.

The Court is, therefore, respectfully solicited to reconsider these points, and if, upon mature reflection, they should consider them worthy of a second notice, to grant to the appellees a re-hearing of the cause.

Hewitt, &c.

RESPONSE,

*June 4.*

By Judge Marshall.

*Although it is the duty of the sheriff, if required by the plaintiff, to remove all the effects of defendants, in executing the writ of habere facias, yet this is not essential to divesting the defendant of the possession.*

We are still of opinion that, although it be the duty of the sheriff, in executing a writ of *habere facias possessionem*, as it certainly is, if required by the plaintiff, to remove from the premises all the property of the previous occupants; this is not essential to divesting them of the possession and vesting it in the plaintiff; and therefore, that when, as in this case, he actually turns the occupants out of the house and removes all their goods from the mansion, and formally puts the plaintiff in possession, he has, in substance and in truth, executed the mandate of the writ. Nor is this conclusion opposed by the doctrine quoted from Watson on the office, &c. of sheriff, which, properly understood, means nothing more than that the execution is not complete, unless all persons be removed, or if any be left in possession.

*The possession may be changed from defendant to plaintiff, tho' all the effects be not removed from the premises by the sheriff executing the habere facias possessionem.*

In *2nd Bacon's Abridgement, title Ejectment, letter G.* 2, it is laid down on the authority of *Roll. Abr.* 886, that when several messuages are recovered, which had been in possession of the same defendant, it had been held sufficient to give possession of one in the name of all, "but without doubt, (adds the author) the surest and best way is, for the sheriff to remove all the tenants entirely out of each house, and when the possession is quieted, to deliver it to the plaintiff." In this passage, a distinction is clearly intimated between that which may be required as a proper and full execution of the writ, and that which may be sufficient to change the possession; and in neither view is there any mention of the necessity of removing all the property, while in the first case stated, it is certainly dispensed with.

In the passage immediately following the one above cited, it is said, "If the sheriff turns out all persons he can find in the house, and gives the plaintiff, as he thinks, quiet possession, and after the sheriff is gone there appear some persons to be lurking in the house, this is no good execution, and, therefore, the plaintiff shall have a new *habere facias possessionem*, because he never had execution." But even to this case, which supposes all the occupants of the house never to have been turned out, a query is put in the margin, "whether the Courts would not now hold it to be a full execution of the writ?" But however this may be, we are of opinion that even if it would now be considered that the plaintiff might, in such case, regard the execution as insufficient, and, therefore, be entitled to a new writ, which is, perhaps, all that is meant by the passage, neither the persons who had been actually turned out, nor those who had remained lurking in concealment in the house, would be allowed to question the sufficiency of the execution. That case, however, is stronger against the sufficiency of the execution than this, in which the persons in possession, being two females, were actually turned out of the house, though it was raining at the time. And although, after they were turned out, and the possession formally delivered to the plaintiff, they immediately returned into the house, and all were in the house when the subpœna with injunction was served; this was not until after there had been a complete change of the possession. And were it conceded that if they had returned in resistance to the execution, and claiming to be in possession, it might have been the right and duty of the officer, on the requisition of the plaintiff, to turn them out again. And although the plaintiff, if that state of things had continued, might have been entitled to regard the execution as incomplete, and might have been allowed a new writ, it would not follow, necessarily, and we are not prepared to admit that such acts on the part of the occupants, would either have undone that which the sheriff had done, or entitled them to question the truth of his return, stating a full execution of the writ.

But this question need not be, and is not decided in this case; because, although the two females who had been turned out in the rain, did come in again immediately after the possession had been delivered to the plaintiff, Scott, and while their goods were being removed, there is not the slightest intimation in any part of the testimony, nor any circumstance from which it can be fairly inferred, that they made or intended any resistance to the execution of the writ, or that they came in claiming the possession, or for the purpose of resuming it, or that they claimed to be in possession after they came in; but the presumption is, that they came in for protection from the rain, or to see to the further removal of the goods in the house, if any there remained; and that they had been turned out and remained out, while the formal delivery of the possession to Scott was going on, in order that there might be no apparent obstruction to that ceremony; and that they came in, impliedly acknowledging and not opposing or denying the possession of Scott. The sheriff had a *posse* with him, and it is not to be presumed that these two women had any thought of resisting or defeating, by their own acts on the premises, the due execution of the writ.

Wherefore, the petition is overruled.