BENJAMIN FISKE & wife vs. LYCURGUS W. CHAMBERLIN.

An officer, in executing a writ of possession, is justified in removing without force from the premises the wife of the person against whom the judgment was rendered on which the writ was issued, although she claims title in her own right, if her claim is invalid.

TORT by Benjamin Fiske and his wife, Elizabeth L. Fiske, for forcibly removing the female plaintiff on July 15, 1867, from a messuage in Malden. The defendant, who was a deputy sheriff, justified under a writ of possession issued in favor of Nicholas H. Earle on a judgment against Benjamin Fiske. The premises were the same as those demanded by Earle against Elizabeth L. Fiske and Mary E. Fiske in the action of *Earle* v. *Fiske, ante,* 491. Trial in the superior court, before *Rockwell,* J., who, after a verdict for the defendant, reported the case for the determination of this court. The facts appear in the preceding report of *Earle* v. *Fiske,* and in the opinion.

*R. D. Smith & H. H. Sprague,* for the plaintiffs.

*C. Robinson, Jr.,* for the defendant.

AMES, J. One of the questions between these parties was disposed of in the preceding case of *Earle* v. *Fiske,* in which it was decided that Nicholas H. Earle, under whom this defendant justifies, had a better title to the estate described in the officer's precept than any person claiming under the deed from Nancy A. Fiske under date of April 22, 1864, referred to in the report. As it is not charged that the defendant, in the service of the precept, made use of any unusual or improper force, it would seem to follow that he is protected by his precept, and cannot be considered as a trespasser for obedience to its requirements. It is true that it was not an execution against the female plain-tiff, but she had no title in the estate which was of any avail against the claim of the true owner, Earle. It does not appear that her removal from it, without force, was a wrong of which she had any right to complain (against the officer acting for the true owner) in the present action, which is in fact trespass *quare clausum.* The defendant's duty was to put the true owner in possession in obedience to the command of the execution, which

appears to be all that he has done. *Wilmarth* v. *Burt,* 7 Met. 257, 259. *Howe* v. *Butterfield,* 4 Cush. 302, 305. To put Earle into possession required of necessity the removal, not only of Fiske, but also of his family and effects. The title of the female plaintiff was derived from the same source, and depends on the same considerations, as that of her husband, which has already been adjudged insufficient as against the party in whose behalf this defendant was acting and under whom he justifies.

*Judgment on the verdict.*