[No. 13397.    In Bank. — November 19, 1889.]

LEE CHUCK, RESPONDENT, v. QUAN WO CHONG COMPANY, APPELLANT.

APPEAL — STAY OF PROCEEDINGS — UNLAWFUL DETAINER — EXECUTION OF JUDGMENT — REMOVAL OF PERSONAL PROPERTY. — In order to constitute a full execution of a judgment for the plaintiff in an action of unlawful detainer under the landlord and tenant act, both the defendant and his personal property must have been removed from the premises, and the real estate given to the plaintiff, unless the removal of the personal property was in some way waived by the defendant; and if, before such removal is substantially completed, a stay of proceedings upon appeal is directed by the judge, and a bond is given in pursuance of the direction, the proceedings are stayed, and defendant is entitled to remain in pos-

session pending the appeal, and to be restored to the possession if there-
after removed.

ID. — DISCHARGE OF ORDER STAYING PROCEEDINGS — JURISDICTION. — When
the necessary direction and bond has been given for a stay of proceed-
ings upon appeal from a judgment in a case of unlawful detainer, the
court below has no further control over the matter, and cannot withdraw
his direction, or discharge the order after it has been complied with and
the appeal and stay have been perfected.

ID. — INSUFFICIENT STAY BOND — NEW BOND — RELATION. — The fact that a
stay bond on appeal is insufficient because the sureties are not good, and
that a new bond is given upon exception to the sureties upon the first bond,
does not affect the stay of proceedings, which takes place upon the filing
of the required bond without regard to the sufficiency or insufficiency of
the sureties.   If the same or other sureties justify within the time al-
lowed, after exception to the sureties, the stay continues, and the liabil-
ity of the new sureties relates back to the time of the first stay.

APPEAL — ORDER NUNC PRO TUNC. — If the order appealed from was actu-
ally made, but was not entered upon the record, the supreme court may
grant leave to have an order entered *nunc pro tunc* certified up, and if it
appears to be the proper order, it is sufficient.

APPEAL from an order of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*Smith & Murasky*, and *James F. Smith*, for Appellant.

*Charles S. Wheeler*, for Respondent.

WORKS, J. — This was an action to recover the pos-
session of certain real estate in the city of San Francisco
under the landlord and tenant act, and for the recovery
of treble rents for its detention.   Trial was had, and
judgment rendered in favor of the plaintiff, and a writ
of possession was duly issued and placed in the hands of
the sheriff.   The writ was partially executed when appli-
cation was made by the defendant, asking that the judge
of the court direct that proceedings be stayed on his
filing the necessary undertaking.   The order was made
and a bond was given, but the sheriff declined to stay
proceedings or to return the property that had been
taken into possession by him to the defendant.   The
defendant then made application to the court for a rule

upon the sheriff to show cause why further proceedings should not be stayed and the property returned and restored to the defendant. The order to show cause was duly issued, and after a hearing, the court below discharged the rule and declined to restore the defendant to possession. This appeal is from the last-named order, discharging the rule to show cause, and refusing to order the sheriff to restore the property to the defendant.

It is claimed, on the part of the defendant, that after the order directing a stay of proceedings upon the giving of a stay bond, and the due execution of such bond, that the court below had no further power or jurisdiction in the matter, and that the defendant was entitled upon the execution of such bond to the immediate restoration of the property. On the other hand, the plaintiff and respondent contends that at the time the first order staying proceedings was made, and the bond executed, the writ of restitution had been fully executed, and the plaintiff put in possession of the property, and that for that reason the order upon the sheriff was inoperative, and that he could not restore the property to the defendant.

The main question therefore is, whether or not the writ of restitution had been fully executed at the time the first order for a stay of proceedings was given. In the answer of the plaintiff to the order to show cause why the proceedings should not be stayed, and the property be restored to the defendant, it was averred " that at the hour of eleven o'clock, or thereabouts, on said twenty-second day of December, 1888, the sheriff of the city and county of San Francisco fully executed said writ so far as the same required the delivery of the possession of said premises by formally delivering over the possession thereof to plaintiff's agents, and that this plaintiff by his agents has held the continual and exclusive possession thereof ever since said time, and that he has refused, and still refuses, to allow the defendant

to enter thereon; that after the sheriff had taken away from said premises a portion of the personal property levied upon, the order of this honorable court staying further proceedings was served upon said sheriff, or his deputy, and that thereafter, for the protection of said sheriff, and for the protection of said defendant, and for the protection of this plaintiff, this plaintiff granted permission to said sheriff to place one or more persons on said premises, whose business it should be to look after the personal property belonging to defendant thereon; that under the license of this plaintiff, granted as aforesaid, said sheriff has had one or more persons upon such premises in charge of said personal property, but that said persons claim no right whatever to the possession of the premises, and that this plaintiff is now, and ever since the delivery of the possession to him as aforesaid has been, in the exclusive possession thereof; that plaintiff's agent in charge of said property is not now, nor has he been at any time mentioned herein, in the employ of the sheriff's office; that the writ of possession issued upon plaintiff's judgment was fully executed upon the part of the sheriff prior to any stay of execution herein; that plaintiff has obtained possession of said premises by virtue of his judgment herein, and in strict accordance with law, and if the defendant, through failure to obtain a stay of proceedings prior to the execution of plaintiff's writ, has suffered, it is not in the power of this court to relieve it from the consequences of its laches at the expense of plaintiff's rights."

It further appears, from the affidavit of one John O'Shea, that during all of the times mentioned he was in the employ of the sheriff of the city and county of San Francisco, and that he was in possession of the property, and was "then and there instructed by the sheriff that the possession of said premises had been surrendered to Lee Chuck, the plaintiff above-named, and that said sheriff had no further right to the possession thereof;

and that ever since said time he has been in charge of the personal property belonging to the defendant which is upon said premises; that he still continues to remain upon said premises, but that ever since the delivery thereof to plaintiff as aforesaid, he has remained thereon by the license of said plaintiff, and that at no time since has he, nor has any other agent or employee of said sheriff, been in possession of said premises, but that the said Lee Chuck ever since said time has continued in possession thereof."

The return of the sheriff, which was introduced in evidence, is as follows: "I hereby certify that in obedience to the writ of possession issued in the case of *Lee Chuck* v. *Quan Wo Chong and Company*, I did, on the twenty-second day of December, 1888, at eleven o'clock, A. M., cause the therein-named plaintiff to have quiet and peaceable possession of the premises therein described; that on the twenty-first day of December, 1888, under and by virtue of the said writ of possession, I levied upon certain personal property situate in said premises, and removed a portion of the same for safe-keeping to the warehouse of Davis, Haber, and Company, auctioneers, San Francisco, where the same will be sold at public auction, at sheriff's sale, to satisfy the judgment recovered by the plaintiff in the said action. *The other portion of the personal property so levied upon I have not been able to remove, as while engaged in the act of removing, an order of this court commanding me to release the property so levied upon was served upon me, and I at once stayed all proceedings under said writ.* This is a partial return only to the said writ, and is made under an order of court this day made and entered."

It appears from these proceedings that the premises involved in this litigation were occupied and used by the defendant as a mercantile establishment, and the personal property therein was a stock of merchandise.

The return of the sheriff and other evidence clearly

shows that at the time the first order staying execution of the writ was made and the stay bond executed, the sheriff had only taken out of the building so much of the personal property as was necessary to satisfy the money judgment recovered by the plaintiff, and that the balance of the property still remained in the building. There was the utmost expedition on the part of the attorney for the plaintiff to procure his writ and obtain possession of the property, and this was done before the defendant or its attorney had notice that the judgment had been rendered, and before an opportunity to procure an order directing a stay of proceeding and give the necessary bond was given.   The sheriff defied the first order of the court, or, to say the least, disregarded it, and, either before or after the order was made, turned over to the plaintiff, nominally, not only the possession of the real estate, but of the defendant's stock of merchandise also.   It is perfectly apparent, however, that this giving of possession was merely nominal, and with the hope of thereby showing a full execution of the writ.   The misfortune of the showing is, that it appears that the sheriff never had in fact turned over the possession to the plaintiff.   On the contrary, the property remained in the possession and under the control of the employee of the sheriff.

The fact relied upon, and stated in the affidavit of such employee, that he was there by the license of the plaintiff, does not seem to us to be a matter of any consequence.

In this class of cases, an appeal taken by the defendant does not stay proceedings, unless the judge before whom the case is tried so directs. (Code Civ. Proc., sec. 1176.)

In this case the direction was given and the undertaking executed in pursuance of the direction of the judge, and in the amount fixed by him.   When this was done, the proceedings were stayed precisely as in other cases.

The judge of the court below having directed a stay, and the bond having been given, the court below had no further control over the matter. To allow the judge to give the necessary direction, and then after the defendant had complied with his order, and the appeal and stay had been perfected, to permit him without any statutory authority to change his mind and withdraw his direction or discharge such order, would lead to great uncertainty, inconvenience, and in some cases, perhaps, to wrong and injustice.

In this case it is claimed by the respondent that two bonds were given; that the first was insufficient, the sureties not being good; that these proceedings took place before the second bond was given; and that, as at the time the proceedings took place no sufficient bond had been given, there was no stay of proceedings, and that none existed until the second one was given. We do not so understand the law. Sections 941, 942, 943, 944, and 945 of the Code of Civil Procedure provide for undertakings on appeal in certain cases. Section 946 provides that whenever an appeal is perfected as provided in the preceding sections, proceedings shall be stayed. This must be so without reference to the sufficiency or insufficiency of the sureties. It is only necessary under these sections that a bond be given at the proper time and in due form.

If the sureties are insufficient pecuniarily, the opposite party has his remedy under section 948. He may, as provided in that section, except to the sureties at any time within thirty days after the filing of the undertaking. And unless they, or *other* sureties, justify as therein provided, within twenty days after the appellant has been served with notice of such exceptions, "execution of the judgment, order, or decree appealed from *is no longer stayed.*" That is, the proceedings are stayed until the necessary exceptions are made, and time given for the sureties to justify, and no longer. It necessarily fol-

lows that if the same or other sureties do justify within
the time allowed, the stay *continues,* and the liability of
the new sureties relates back to the time of the first stay.
So the fact that two bonds were given is immaterial.
*Hill* v. *Finnigan,* 54 Cal. 494, is not against this con-
struction of the statute.   There the sureties failed to
justify, and the appellant claimed the right to file a new
undertaking in this court.

It only remains to consider whether the writ was fully
executed at the time the stay took effect.   We think it
was not.   In order to constitute a full execution of the
writ, the defendant and its property must have been re-
moved from the premises, and the possession of the real
estate given to the plaintiff, unless the removal of the
personal property was in some way waived by the defend-
ant.   (Crocker on Sheriffs, sec. 554; Freeman on Exe-
cutions, sec. 474; *Smith* v. *White,* 5 Dana, 376; *Witbeck*
v. *Van Rensselaer,* 64 N. Y. 27.)

The case of *Scott* v. *Richardson,* 2 B. Mon. 507, 38
Am. Dec. 170, is apparently in conflict with this well-set-
tled rule; but in that case the goods were all removed
from the dwelling-house, except a part of the household
goods in the kitchen, which the sheriff intended to re-
move, but was prevented by an injunction.   It was held
that the sheriff having turned all the previous occupants
out of the house, and put the plaintiff into it, and given
him possession by words as well as acts, and having re-
moved the goods of the previous occupants out of the
dwelling-house, he had done all that was essential to the
full execution of the writ, and his return to that effect
was proper.   This was, as we understand the decision,
to hold, in effect, that all of the household goods being
removed, except a small part in the kitchen, was a sub-
tantial execution of the writ.   In this case the sheriff
never turned the possession of the property over to the
plaintiff.   His return says he did; but the facts stated by
him in his return, and the affidavit of the party he left

in charge of the property, show clearly that he did not. The stock of goods remained on the premises, and the sheriff remained there in charge of them.   It is true, it is claimed that the sheriff was not in possession of the real estate, but of the personal property; but the personal property being on the premises, and the sheriff there in possession and in charge of them, he was still, in contemplation of law, himself in possession with his writ unexecuted.

It is claimed by the respondent that the record does not contain any such order as the one appealed from. But the appellant has, with leave of this court, had an order, entered *nunc pro tunc*, certified up, which appears to be the proper order, and the fact that such an order was actually made is not controverted.   We think this is sufficient.

The order appealed from is reversed, with instructions to the court below to enter an order commanding the sheriff to restore the possession of the property in controversy to the defendant.

Fox, J., Beatty, C. J., Sharpstein, J., and Paterson, J., concurred.

Thornton, J., dissented.

Rehearing denied.