COMMONWEALTH *vs.* JAMES E. LENNON.

Middlesex.    November 22, 1898. — January 7, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Acting as Public Officer no Defence to Complaint for violating City Ordinance.*

It is no defence to a complaint for storing furniture on a sidewalk, in violation of a city ordinance which provides that no person shall place upon any sidewalk certain articles "so as to obstruct a free passage for travellers for more than fifteen minutes," that the defendant acted as a public officer in obedience to a writ of execution ordering him to cause a person to have possession of the tenement from which the furniture was removed.

COMPLAINT, to the Third District Court of Eastern Middlesex for violating c. 44, § 26 of the Revised Ordinances of the City of Cambridge, which provides that "No person shall place or cause

to be placed upon any sidewalk any lumber, iron, coal, trunk, bale, box,. crate, cask, package, article, or thing whatsoever, whether of the same description or not, so as to obstruct a free passage for travellers for more than fifteen minutes."

The defendant justified under an execution duly issued by said District Court in an action brought therein to recover possession of the house described in the execution, under Pub. Sts. c. 175.

Trial in the Superior Court, before *Lilley*, J., who, at the request of the defendant, reported the case for the determination of this court, in substance as follows.

The defendant was a duly appointed constable of Cambridge, qualified to serve the execution which he served by removing the furniture of the defendant in the execution from the house, placing it partly on the street and partly on the sidewalk, and piling the same in as neat and compact a way as possible, and delivered possession of the house to the plaintiff in the execution. The defendant thereupon notified the chief of police and superintendent of streets of Cambridge that the furniture was on the street and sidewalk, and returned the execution into court.

The sidewalk was not wholly obstructed, but upon the evidence the jury would have been warranted in finding that a free passage for travellers thereon was obstructed by the furniture so placed as aforesaid, and that the same remained on the sidewalk for more than twelve hours.

The judge ruled that the defendant was not justified in placing the furniture, or any part thereof, on the street and sidewalk as alleged in the complaint, and directed a verdict of guilty with the consent of the defendant, which the jury thereupon rendered.

If the ruling was right, the verdict was to stand; otherwise the verdict was to be set aside, all further proceedings were to be stayed on the complaint, and the defendant was to be discharged therefrom, or such other order made as to the court should seem proper.

*H. H. Winslow*, for the defendant.

*F. N. Wier*, District Attorney, for the Commonwealth.

HOLMES, J. The validity of the ordinance is not questioned, nor do we see any ground for questioning it. The defendant justifies on the ground that he acted as a public officer, and in obedience to a writ of execution ordering him to cause one Halli-

day to have possession of the tenement from which the furniture was removed.      But the fact that the defendant was a constable did not put him above the law, and the writ did not require him to disregard it.      For if we assume that the defendant's duty required him to remove the furniture irrespective of any request to him, *Fiske* v. *Chamberlin*, 103 Mass. 495, 496, see *Scott* v. *Richardson*, 2 B. Mon. (Ky.) 507, *Witbeck* v. *Van Rensselaer*, 64 N. Y. 27, 32, it did not require him to leave it upon the sidewalk contrary to the ordinance.      There is no hardship upon the officer.      He may store the goods at the owner's cost, (*Preston* v. *Neale*, 12 Gray, 222,) and may require a bond of indemnity from the party who calls upon him to serve the writ.      *Clark* v. *Parkinson*, 10 Allen, 133, 136.      *Hamberger* v. *Seavey*, 165 Mass. 505, 507.      See *Commonwealth* v. *Miliman*, 13 S. & R. 403.

*Verdict to stand.*