[Civ. No. 6363. First Appellate District, Division Two.—March 16, 1928.]

JAMES E. CONNIFF et al., Petitioners, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Collins & Roan for Petitioners.

Gilman & Harnden for Respondents.

NOURSE, J.—This is an original application for a writ of prohibition to restrain the respondent Superior Court from enforcing an order made in that court January 30, 1928, in the action entitled *Calhoma Oil Corporation et al. v. James E. Conniff et al.* The order complained of was an order made after final judgment fixing the amount of stay bond on the appeal from the judgment staying execution of the judgment and restoring the plaintiffs therein to the possession of the real property in suit for the purpose of maintaining the *status quo* as it existed at the time of the entry of the judgment.

The petitioners herein were the owners of certain real property situated in Alameda County which they leased to the Calhoma Oil Corporation by written lease dated March 19, 1925, for the period of five years for the purpose of mining and drilling for oil and gas. The lease contained the usual stipulations requiring diligent prosecution of drilling operations but provided that where such operations were delayed a fixed rental might be paid by the lessee during the period of delay. It did not contain any specific provision reserving to the lessors the right to claim a forfeiture or the right of re-entry because of any breach on the part of the lessee. An assignment had been made by the corporation to one Gridley, who continued the drilling operations for a period of time, but this assignment had not been in accordance with the terms of the lease and accordingly both Gridley and the corporation have been joined as parties jointly interested in the litigation. We will, therefore, refer to them as the "lessees."

On September 29, 1926, the lessors notified the lessees that the lease was forfeited and on the day following they insti-

tuted a suit to quiet title against them in the Superior Court of Alameda County. This action was not brought to issue, but on November 9, 1926, the corporation and Gridley commenced an action against the lessors for a permanent injunction restraining the lessors from interfering with the plaintiffs in their operations under the lease. At this time a temporary restraining order was issued under which the plaintiffs in the action obtained undisputed possession of the premises. The lessors answered that action and filed what they termed a separate and distinct defense containing allegations of the failure on the part of the plaintiffs to prosecute drilling operations in accordance with the terms of the lease and praying judgment that the lease be forfeited and that they have a writ of restitution. The cause was tried on these pleadings and resulted in a judgment in favor of the defendants denying the plaintiffs any injunctive relief under their complaint, declaring the lease to be forfeited and to be null and void and ordering that a writ of restitution be issued requiring the sheriff to deliver possession of the premises to the defendants, the lessors under the lease. Within time the plaintiffs in that action gave notice of their intention to move for a new trial and upon application of the plaintiffs therein the trial court issued its order restraining the defendants from interfering with the plaintiffs' possession for the purpose of carrying on drilling operations upon the premises. On January 18, 1928, plaintiffs' motion for a new trial was denied. And on January 27, 1928, plaintiffs filed a notice of appeal from the judgment and also a notice of time set for hearing an application to the court for an order fixing the amount of the bond for a stay of execution pending the appeal. On January 26, the day prior to the filing of the notice of appeal, the sheriff of the county attempted to serve a writ of restitution which had been issued by the clerk of the court upon the judgment "by placing the therein named defendants in the quiet and peaceable possession of the lands and premises therein described." On January 30, 1928, the trial court made its order fixing the amount of the stay bond and staying execution upon the judgment and decreeing that when the execution of the judgment should be stayed by the filing of the bond as specified "the sheriff of the County of Alameda is hereby ordered . . . to deliver the possession of the real

property involved herein to the plaintiffs, during the pendency of the appeal of this action, in order to maintain the *status quo* of said action as it existed at the time of the entry of the judgment herein.''

The story of the litigation, in brief, is that the plaintiffs in the action below entered into peaceable possession of the premises under the lease and commenced the drilling for oil, which has been carried on intermittently over a long period of time and which had resulted in the sinking of a well to the depth of only 605 feet. The lessors complained of the dilatory methods pursued by the lessees and gave them notice that the lease was canceled because of their failure to pursue these operations diligently. The lessors then sued to quiet title, but did not bring their action to trial. About this time three men were actually upon the premises, working at the well, but the lessors locked the gates leading to the well and prevented one of the lessees from entering. An action was then commenced by them to restrain the lessors from interfering with their occupation of the premises, and, acting under a temporary restraining order issued at the time, the plaintiffs in that action obtained full possession of the premises, which they retained until after entry of judgment, when the sheriff attempted to restore possession to the lessors. In this proceeding for prohibition both parties claimed that they were in actual possession at the time the action was commenced. We do not deem it necessary to take evidence to determine this dispute. The lessees were in possession at the time through their employees, though one of the lessees was forcibly restrained from entering by the wrongful act of the lessors, and they were in peaceable possession by reason of the temporary restraining orders during the course of the trial and until after their motion for a new trial was denied.

Respondents defend the order upon the ground that the appeal was not perfected at the time the order was made and that the Superior Court accordingly had jurisdiction of the cause; and upon the ground that the writ of restitution had not been executed when the appeal was perfected and was automatically stayed by the terms of sections 945 and 946 of the Code of Civil Procedure. Both grounds urged are so closely linked together that they may well be considered at the same time. Section 946 of the Code of

Civil Procedure provides that whenever an appeal is perfected as provided in the preceding sections, it stays all proceedings in the court below upon the judgment or order appealed from. Section 945 of the Code of Civil Procedure provides that when the judgment or order directs the sale or delivery of possession of real property, the execution is not stayed unless an undertaking is filed in an amount fixed by the trial judge. "Whenever the stay bond or undertaking has been properly executed (and the sureties have justified, if excepted to) or the court below shall have dispensed with security in cases where it has power so to do, 'the appeal is perfected' in the larger sense in which the words are used in Section 946." (*Hill* v. *Finnigan*, 54 Cal. 493, 494.) It is clear that an appeal in a case covered by section 945 of the Code of Civil Procedure is not perfected until these conditions have been met; and it is equally clear that until the appeal has been perfected in the manner prescribed by the code the stay of proceedings "upon the judgment or order appealed from, or upon the matters embraced therein" (sec. 946), does not become effective.

In *Eisenberg* v. *Superior Court*, 193 Cal. 575, 579 [226 Pac. 617, 618], it was said that "An order for an injunction to preserve the *status quo* pending an appeal from a judgment or denying an injunction is not an order upon or embraced in the order appealed from. While it is in a sense appurtenant to and concurrent therewith, it is nevertheless separate and separable therefrom." In *Pierce* v. *City of Los Angeles*, 159 Cal. 516 [114 Pac. 818], the Supreme Court sustained the jurisdiction of the Superior Court to grant a restraining order pending determination of a motion for new trial in an action for an injunction wherein the final judgment had denied the relief sought. While the order here under consideration is not, strictly speaking, an order for an injunction to preserve the *status quo* pending the appeal, it was apparently drawn for that purpose. As such an order would not have been an order upon or embraced in the judgment appealed from, the Superior Court would have had jurisdiction to issue it under the well-settled rule discussed at length in *City of Pasadena* v. *Superior Court*, 157 Cal. 781 [109 Pac. 620]. It is true that in the Pasadena case the order for the injunction, pending the appeal, was included in the final judgment denying plain-

tiff's right to injunctive relief, but, if as stated in *Eisenberg* v. *Superior Court, supra,* such an order is not an order embraced in the judgment appealed from, it would seem to follow necessarily that the Superior Court would have jurisdiction to make it *before* the appeal is perfected, as was done here.

The real effect of the order complained of is to stay execution of the judgment which declared a forfeiture of the lease and awarded the lessors complete possession of the premises. Looking at it in this light, the court did not give to the lessees any greater right than they were accorded by section 946 of the Code of Civil Procedure. As said in *Eisenberg* v. *Superior Court, supra,* at page 583: ''When an appellant has so complied with these requirements, further proceedings in the court below are stayed, not by virtue of the action of the trial court in fixing the amount of the bond, but *ipso facto* by virtue of the provisions of the statute. In the Lee Chuck case the appellant had no such absolute right to stay, unless the trial court so directed, and the court there held that when such direction was given, the code sections last cited at once became operative, and upon compliance with the requirements thereof further proceedings upon the judgment were stayed thereby, precisely as in other cases, under the express terms of section 946.''

In their answer to the petition the respondents pleaded that the writ of restitution had not been executed because the sheriff had failed to remove the personal property of the lessees from the premises, and this fact was conceded by petitioners. That a writ of restitution is not fully executed unless the defendant and his personal property are removed from the premises is settled law. (*Lee Chuck* v. *Quan W. Chong Co.,* 81 Cal. 222, 229 [15 Am. St. Rep. 50, 22 Pac. 594]; 36 C. J. 671.) Notwithstanding the order complained of, the perfection of the appeal under the code sections cited worked a stay of the judgment appealed from and prevented the sheriff from making a further execution of the writ of restitution.

Thus, though the order complained of was mandatory in character, as it restored the lessees to possession, it nevertheless, in effect, gave the lessees the injunctive relief which they sought pending the appeal, because disobedience

of or interference with the operation of the order could be met by supplemental proceedings which would effect the same result as a temporary restraining order, and the perfection of the appeal would automatically restrain the lessors from asserting any claims under the judgment. The jurisdiction of the court to so maintain the *status quo* pending an appeal from the judgment is approved in *Pasadena* v. *Superior Court,* 157 Cal. 781, 787 [109 Pac. 620, 623], where it is said: "We think that while the order here in question enforcing or continuing the injunction cannot strictly be said to be part of the judgment, still it must be considered as intended to operate concurrently therewith, as the court declared, and if it could stand if embodied in the judgment, has equal force as an order made independent of but concurrent therewith." We can see no difference, in so far as jurisdiction is concerned, between such an order made concurrently with the judgment and one made after entry of judgment but before the appeal is perfected.

The writ is denied and the proceeding dismissed.

Koford, P. J., and Sturtevant, J., concurred.