[Civ. No. 6652. Second Appellate District, Division One.—August 13, 1929.]

MABEL H. KETTELLE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Max Schleimer for Petitioner.

Robert F. Shippee for Respondents.

CONREY, P. J.—The action in the municipal court was brought to recover judgment for an amount within the jurisdiction of that court. Judgment having been entered in favor of the plaintiff, the defendant appealed to the Superior Court. The motion to dismiss appeal was made upon the ground that the appellant at no time justified the sureties on her undertaking on appeal after exception to the same had been taken by the respondent.

According to section 986 of the Code of Civil Procedure (added to that Code in 1927 [Stats. 1927, p. 120, sec. 4]), where the undertaking on appeal from the municipal court has been filed within due time, and exception to the sureties has been taken within due time, it is provided that: "unless they or other sureties justify before a judge of the municipal court within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."

"The rules of pleading and practice applicable to the prosecution of civil actions and enforcement of judgments in the superior court of this state shall apply to and govern

the prosecution and maintenance of civil actions and enforcement of judgments in the municipal courts of this state, except as follows: . . . '' (Code Civ. Proc., sec. 831d [Stats. 1927, p. 1343].) It does not appear that the exceptions include any exceptions applicable to the case at bar. Section 1054 of the same code contains the following language: ''When an act to be done, as provided in this code, relates to . . . the undertakings to be filed, or the justification of sureties . . . the time allowed by this code, unless otherwise expressly provided, may be extended, upon good cause shown, by the judge of the superior court in and for the county in which the action is pending, or by the judge who presided at the trial of said action; but such extension shall not exceed thirty days, without the consent of the adverse party. . . . ''

The exceptions to the sureties on the undertaking as originally filed by appellant were taken on the twenty-fourth day of October, 1928. On the fifth day thereafter, October 29th, pursuant to notice given by appellant, the matter of justification of the sureties came before the municipal court. On account of the absence of one of the sureties, the court continued the matter to November 5th. To this continuance, the respondent objected. On November 5th respondent again objected, although one of the original sureties and another proposed to be substituted were sworn and tendered by appellant as sureties upon the undertaking. The ground of respondent's objection was that the justification of sureties had not been accomplished within the five days provided by section 986 of the Code of Civil Procedure. The objection was sustained by the court, and the sureties were not permitted to justify. In offering the substituted surety in place of the one who did not appear, appellant presented the undertaking as a separate document or amended undertaking executed by the original surety together with the substituted surety. Respondent objected upon the ground that this was not an amended undertaking and that the new surety should have signed the original undertaking, which had been first filed. Thereupon the court administered the oath to said sureties and asked the attorney for respondent if he wished to examine them. Respondent's attorney answered in the negative. There-

upon, the judge stated that he would sustain the objection made by respondent's attorney.

It thus appears from the record that the dismissal of the appeal was based upon the ground that the court had lost jurisdiction of the appeal, first, because the court was without jurisdiction to continue the matter of justification beyond the period of five days specified in section 986 of the Code of Civil Procedure; and for the further reason that the substituted offer of the undertaking was a separate document from the undertaking as originally filed. We are of the opinion that section 1054 of the Code of Civil Procedure, was applicable to the case and authorized the continuance of the proceeding from October 24th to October 29th. In view of the code sections, to which we have referred, we perceive no good reason why the power to extend the time within the limit of thirty days does not exist in the municipal court, the same as in the Superior Court. (See *Schloesser* v. *Owen*, 134 Cal. 546 [66 Pac. 726].) We are likewise of the opinion that the mode of substituting a new surety by presenting a separate document in all respects the same as the original document, except in the matter of the substitution of a surety for one not appearing, is authorized by law, and that the substituted document is, in point of law, the original undertaking with amendment by substitution of the new surety. (*Lee Chuck* v. *Quan Wo Chong Co.*, 81 Cal. 222, 228, 229 [15 Am. St. Rep. 50, 22 Pac. 594].)

The order of dismissal of the appeal is annulled.

Houser, J., and York, J., concurred.