[Civ. No. 5883. Third Appellate District.—June 21, 1937.]

WILLIAM M. KLEMENT, Petitioner, v. THE SUPERIOR COURT OF SHASTA COUNTY, Respondent.

L. C. Smith and A. Victor Wagler for Petitioner.

Carr & Kennedy for Respondent.

PULLEN, P. J.—By this writ petitioner seeks to arrest the proceedings in the superior court until a pending appeal has been determined.

Petitioner represents that the McCormick-Saeltzer Co., a corporation, filed a complaint against him, based upon a contract asking for declaratory relief and for a decree terminating the contract according to its terms. To this complaint Klement filed an answer denying the material allegations of the complaint and at the same time filed a cross-complaint in which he named McCormick-Saeltzer Company, a corporation, and certain individuals not parties to the original action, as cross-defendants, wherein he sought to recover damages for an alleged tort, viz.: defamation of character, claiming that by reason of an unlawful combination and conspiracy by the cross-defendants named, he suffered damage because of the demoralization of his standing with the employees of McCormick-Saeltzer Company, a corporation, and the public generally.

To this cross-complaint plaintiff and cross-defendants interposed a demurrer, which was sustained without leave to amend, and the cross-complaint was dismissed. From the order of dismissal petitioner filed a notice of appeal. The trial court then set for trial the issues raised by the original complaint and answer, whereupon petitioner sought this writ of prohibition on the ground that respondent superior court was without jurisdiction to try the issues raised by the complaint until the appeal from the order of dismissal of the cross-complaint was determined.

The contention is based upon section 946 of the Code of Civil Procedure, which provides in part that, ''Whenever an appeal is perfected as provided in the preceding sections of this Chapter, it stays all further proceedings in the court below upon the judgment or order appealed from . . . ,'' and in support thereof cites *Eisenberg* v. *Superior Court*, 193 Cal. 575 [226 Pac. 617, 618] ; *Messenkop* v. *Duffield*, 211 Cal 222 [294 Pac. 715] ; *Conniff* v. *Superior Court*, 90 Cal. App. 169 [265 Pac. 555].

We do not believe these authorities support the contention of petitioner. In *Eisenberg* v. *Superior Court, supra,* the court said :

''It is equally clear that the perfection of an appeal does not deprive the lower court of its jurisdiction to proceed upon any other matter embraced in the action unless it is a proceeding 'upon the judgment or order appealed from or upon the matters embraced therein'. (Code Civ. Proc., sec. 946; 2 Cal. Jur. 418 et seq.) ''

In the *County of Sutter* v. *Superior Court*, 188 Cal. 292 [204 Pac. 849], the court, considering a move to bring in new parties, held that the superior court was a court of general jurisdiction and its powers extended to bringing in new parties to an action and to the dismissal of the action against any person improperly joined, and said :

''These matters are incidental to its exercise of jurisdiction in any cause pending before it, and if it erroneously directs that a new party be brought in, such erroneous action is not an excess of jurisdiction, but is an erroneous exercise thereof which may be corrected on appeal. Even if an order made as an incident in the progress of a case involves a question of jurisdiction, prohibition cannot be invoked to annul the order to stop proceedings under it.''

In *People* v. *Whitney,* 47 Cal. 584, it was held prohibition would not lie after the taking of an appeal from an order denying a motion from a change of venue.

In the recent case of *Fitts* v. *Superior Court,* 4 Cal. (2d) 514 [51 Pac. (2d) 66, 102 A. L. R. 290], the court there said :

''In this state, generally speaking, the rule has been strictly adhered to that neither prohibition, nor any other writ, the sole object of which is to try the question of jurisdiction, can be made to subserve the purposes of a writ of error or to be extended in its corrective scope to the review of errors of law committed by any 'tribunal, corporation, board or

person', in a proceeding of which such 'tribunal, corporation, board or person', has jurisdiction under the law. This doctrine has been declared in numerous decisions.''

■ In the instant case respondent court had jurisdiction to determine as a matter of procedure whether it should try the issues raised by the complaint and answer, and leave the issues formed by the cross-complaint to be determined later, or to await the action of a reviewing court to determine whether or not the cross-complaint was well founded, before proceeding with the trial. It is only when a court is proceeding without jurisdiction or is assuming an unauthorized power that prohibition will lie. (*Cooke* v. *Superior Court*, 73 Cal. App. 744 [239 Pac. 381]; *United etc. Co.* v. *Superior Court*, 205 Cal. 167 [270 Pac. 184]; *Lightner Min. Co.* v. *Superior Court*, 14 Cal. App. 642 [112 Pac. 909]; *Apartment etc. Corp.* v. *Will*, 69 Cal. App. 276 [231 Pac. 349].)

■ We believe it was a matter of discretion in the trial court to determine to proceed with the trial, and that the court was not abusing its discretion is borne out by section 1062a of the Code of Civil Procedure, which requires that actions for declaratory relief shall be set for trial at the earliest possible date.

We fail to see wherein an appeal will not be adequate for all purposes.

The writ, therefore, should be denied, and it is so ordered.

Thompson, J., and Plummer, J., concurred.