[Civ. No. 6864. Third Dist. Sept. 1, 1942.]

ENGINEERS, LIMITED (a Corporation), Petitioner, v. SUPERIOR COURT OF HUMBOLDT COUNTY et al., Respondents.

Hartley F. Peart, Howard Hassard, Blaine McGowan, George A. Smith and Gus L. Baraty for Petitioner.

Chas. Reagh and Hill & Hill for Respondents.

ADAMS, P. J.—This is a proceeding in prohibition to restrain the Superior Court of Humboldt County from trying an action pending appeal from an order dismissing cross-complaints.

The petition for the writ alleges that Louis Biasci and Marjorie Connick commenced separate actions in the Superior Court of Humboldt County against C. Dudley DeVelbiss and petitioner as defendants, alleging that defendants had entered upon their premises unlawfully and removed large quantities of gravel therefrom; that petitioner filed answers in said actions denying the allegations of the complaints, and setting up as special defenses that if any trespass had been committed, as alleged in the complaints, same had been committed by defendant DeVelbiss acting for himself and as agent for A. Soda & Sons; that two cross-complaints were filed in the action by Engineers, Ltd., the one being directed against defendant DeVelbiss, and alleging that a contract had been entered into between Engineers, Ltd., and DeVelbiss for the delivery by the latter to the former of a quantity of gravel, said contract providing that said gravel should be procured from places other than any point north of the central line of the Eel River, and that without authority of cross-complainant said DeVelbiss had taken gravel from various places situated on the north bank of the Eel River, and that as a direct result of such action appellant was damaged in the Connick case in the sum of $1,500, and in the Biasci case in the sum of $6,000; that in a second cross-complaint defendant DeVelbiss was joined with A. Soda & Sons, it being alleged that the latter had a contract with the state to

build approaches to a bridge which was being constructed by Engineers, Ltd., and had a contract with DeVelbiss under which the latter was to furnish gravel for A. Soda & Sons for such work, and that, acting as agent for A. Soda & Sons, defendant DeVelbiss had trespassed upon the property of plaintiffs, and that as a result, Engineers, Ltd., had suffered damages in the amounts alleged in the first cross-complaint; that on motion of plaintiff the court had stricken out said cross-complaints, and petitioner had appealed; that plaintiffs had moved to dismiss said appeals, and that said motions were under submission by the court.

It is further alleged that in disregard of petitioner's rights, and in spite of its opposition, respondent had set the cases for trial, and would proceed therewith unless prohibited by this court; that said superior court had no jurisdiction in said matter for the reason that said appeals are pending, and that any further action by the trial court with regard to same "will materially affect the order appealed from and your petitioner's rights thereunder to have all of said controversy settled among all of the parties thereto in one action."

In *Klement* v. *Superior Court*, 21 Cal. App. (2d) 456 [69 P. (2d) 869], this court said that it is only when a court is proceeding without jurisdiction or is assuming an unauthorized power, that prohibition will lie. We also held in that case, an action on a contract in which a cross-complaint for damages for defamation of character by cross-defendants was dismissed and an appeal taken from the order of dismissal, that the trial court had jurisdiction to determine, as a matter of procedure, whether it should try the issues raised by the complaint and answer, and leave the issues formed by the cross-complaint to be determined later, or to await the action of a reviewing court to determine whether or not the cross-complaint was well founded, before proceeding with the trial.

In *Hayes* v. *Pierce*, 15 Cal. (2d) 662 [104 P. (2d) 499], an action was brought by a first mortgagee to foreclose a mortgage on property covered by a contract to sell. A cross-complaint seeking rescission of the contract was stricken out by the trial court, and the foreclosure action was tried over the objection .of cross-complainant and pending an appeal from the order striking out said cross-complaint. There, as here, it was contended that the appeal had divested the

trial court of jurisdiction to hear and determine the issues raised by the complaint and answer; but the court held that the trial court had power to determine, as a matter of procedure, whether it should try the issues raised by the complaint and answer and leave the issues formed by the cross-complaint to be determined later, or await the action of a reviewing court to determine whether or not the cross-complaint was well founded, before proceeding to trial. It cited *Klement* v. *Superior Court, supra,* and added that in deciding that the trial should proceed despite the pendency of the appeal, the trial court exercised a wise discretion.

In the case before us no good reason appears why the rights of plaintiffs to recover for trespass on their lands, if such trespass there was, should await a determination of the controversy between defendants and another, with which controversy plaintiffs had no concern.

The writ is denied.

Thompson, J., and Schottky, J. pro tem., concurred.