PATROSSO, J.
 

 In this unlawful detainer proceeding plaintiff obtained judgment for restitution of the premises, following which a writ of possession was issued to, and was
 
 *Supp. 886
 
 executed by the marshal. Thereafter plaintiff filed a cost bill after judgment wherein he claimed the sum of $371.37, which included $1.00 for the issuance of the writ and marshal’s fees for executing the same in the sum of $370.37. Included in the latter figure was the amount of $345.67 paid to the marshal for removing and temporarily storing the personal property located in the premises, which latter item was, upon defendant’s motion to tax, disallowed by the court, from which order plaintiff appeals.
 

 Upon the hearing of the motion to tax, evidence was introduced to the effect that the marshal, in executing the writ, went to the premises, but found no one present. He thereupon posted a notice thereon directing the defendant to remove therefrom his property, which consisted of restaurant equipment. Five days later, the property not having been removed, a keeper was placed in charge, and the marshal secured the Republic Van and Storage Company to dismantle and remove the property and temporarily store the same. For these services the storage company made a charge of $345.67, which was paid by the marshal with funds provided by the plaintiff upon the marshal’s demand therefor, it being the practice of the marshal’s office not to accept or execute a writ of possession unless the plaintiff first makes a deposit of sufficient funds to remove and temporarily store the personal property of the tenant in a public warehouse.
 

 Section 1034%, Code of Civil Procedure, provides that “In unlawful detainer proceedings, the plaintiff who recovers judgment for the restitution of premises and who advances or pays to the sheriff or marshal the costs required by him for the eviction of any person or persons in possession or occupancy of said premises
 
 and the personal property
 
 of such person or persons” shall be entitled to claim such additional costs by filing a supplemental cost bill. In view of this express provision, there appears no doubt the amounts paid by a plaintiff to the marshal for
 
 removing
 
 the tenant’s property from the premises are properly taxable as costs. The only question is whether this includes the costs paid to the marshal for packing, transporting and temporarily storing the same. We are of the view that it does.
 

 In
 
 Lee Chuck
 
 v.
 
 Quan Wo Chang Co.
 
 (1889), 81 Cal. 222, 229 [22 P. 594, 15 Am.St.Rep. 50], the Supreme Court said: “In order to constitute a full execution of the writ (of possession), the defendant
 
 and its property
 
 must have been removed
 
 *Supp. 887
 
 from the premises, and the possession of the real estate given to the plaintiff. ...” (Emphasis added.) See to the same effect:
 
 Conniff
 
 v.
 
 Superior Court
 
 (1928), 90 Cal.App. 169, 175 [265 P. 555], The officer executing a writ of possession, being under legal compulsion of removing the tenant’s personal property from the premises, must of necessity make some disposition thereof. Obviously he is not authorized to burn or otherwise destroy it, and it is equally unreasonable to suppose that he may place and leave it unattended in a public street, which would obstruct the free use thereof and constitute a public nuisance under Penal Code, section 370.
 

 In
 
 Commonwealth
 
 v.
 
 Lennon,
 
 172 Mass. 434 [52 N.E. 521], a constable who, in executing a writ of possession, deposited defendant’s possessions on the sidewalk was held guilty of violating a city ordinance forbidding the placing of furniture upon sidewalks. Hence, it seems but reasonable to conclude that under such circumstances the officer has no alternative other than to remove the property to an appropriate place for safekeeping. This necessarily involves the incurring of expense, and it appears clear that section 1034%, Code of Civil Procedure, was designed to authorize the recovery by plaintiff of the costs required to be paid by him to the sheriff or marshal for this purpose.
 

 This conclusion, it may be noted, coincides with an opinion rendered by the attorney general of California (No. 53/42, Nov. 16, 1953).
 

 Defendant further contends that the order appealed from is proper because the verification to the cost bill was defective in not stating that the costs were “reasonable and reasonably and necessarily incurred.” Section 1033.7, Code of Civil Procedure, upon which this contention is based, is without application here. That section deals with the recovery of costs by judgment creditors after judgment in civil actions generally. Section 1034%, on the other hand, is confined in its application to unlawful detainer proceedings, and hence is controlling over the former in the specific cases to which it relates. (23 Cal.Jur. p. 762, § 136.) Section 1034%, unlike section 1033.7, does not prescribe the form of verification, and that here used is in the language of section 1033, dealing with cost bills generally, namely, that “the items and statements therein are correct and that the disbursements have been necessarily incurred. ” This is sufficient. And where, as here, “items appear to be proper charges, a verified memorandum of costs is
 
 prima facie
 
 evidence that the same
 
 *Supp. 888
 
 had been necessarily incurred.”
 
 (Murphy
 
 v.
 
 F. D. Cornell Co.
 
 (1930), 110 Cal.App. 452, 454 [294 P. 490]). The burden was upon the defendant to show wherein the charge objected to was unreasonable, and no such showing was made.
 

 The trial court, therefore, erred in striking from the cost bill filed November 26, 1952, the sum of $345.67. In view of the foregoing, defendant’s appeal from the order of February 11, 1953, denying plaintiff’s subsequent motion for an order allowing as costs the same item is rendered moot.
 

 The minute order of January 14, 1953 (entered January 15, 1953) retaxing costs is reversed, with directions to tax costs thereon in the total sum claimed ($370.37). The appeal from the minute order of February 11, 1953 (entered February 16, 1953) is dismissed.
 

 Shaw, P. J., and Bishop, J., concurred.