[Civ. No. 1726. Fourth Appellate District.—March 17, 1936.]

MARIA HANSEN et al., Respondents, v. FARMERS AUTO-MOBILE INTER–INSURANCE EXCHANGE (a Corporation), Appellant.

Morgan J. Doyle and Norman J. Ronald for Appellant.

H. E. Barbour and Tarance S. Magee for Respondents.

BARNARD, P. J.—This is an appeal from an order striking out the entire memorandum of costs filed by the appellant.

A judgment in favor of the respondents was reversed on appeal. (*Hansen* v. *Farmers Automobile Inter-Insurance Exchange*, 139 Cal. App. 388 [34 Pac. (2d) 188].) The *remittitur* was filed on August 23, 1934, and on September 12, 1934, the appellant served and filed its memorandum of costs, the various items totaling $452.93. On November 23, 1934, the respondents served and filed a notice of motion to tax costs. After a hearing the court entered an order striking out the entire memorandum of costs on the ground that the same had been prematurely filed and that there was not then a final judgment in the action. This appeal followed.

On the authority of *Markart* v. *Zeimer*, 74 Cal. App. 152 [239 Pac. 856], and upon the reasoning set forth in the opinion therein, we hold that the memorandum of costs here in question was not prematurely filed. It follows that the order striking out the same in its entirety was erroneously entered.

A further consideration is that the respondents, by not objecting within the time and in the manner authorized by section 1033 of the Code of Civil Procedure, must be held to have at least waived their right to object to any part of the memorandum of costs which complied with the provisions of section 1034 of this code.

Irrespective of any waiver on the part of the respondents, the appellant's right to such a recovery of costs is based upon and controlled by section 1034 of this code. The appellant has appealed on the ground that the trial court and the respondents have not complied with this section and with section 1033. But the appellant has itself failed to comply with section 1034 in that the memorandum of costs filed includes $317.11 for the printing of briefs upon appeal while the statute expressly limits this item to $100. The appellant is not entitled to have its entire cost bill restored, including this excess to which it has no right under the statute. While the order appealed from should be reversed, the amount of the costs claimed should be reduced by the amount of this excess, which was expressly forbidden by the statute.

The order is reversed and the amount of the memorandum of costs is reduced by the sum of $217.11, leaving a balance of $235.82 for which amount judgment should be entered.

Marks, J., and Jennings, J., concurred.