[Civ. No. 20409. First Dist., Div. One. June 28, 1963.]

OAK GROVE SCHOOL DISTRICT OF SANTA CLARA COUNTY, Plaintiff and Appellant, v. CITY TITLE IN-SURANCE COMPANY et al., Defendants and Respondents.

Spencer M. Williams, County Counsel, and Robert S. Sturges, Deputy County Counsel, for Plaintiff and Appellant.

.Thomas L. Bocci, Ross & Webber and Robert S. Webber for Defendants and Respondents.

MOLINARI, J.—This is an appeal by plaintiff from a judgment awarding costs and attorneys' fees after the abandonment of an action in eminent domain.[1]

## Questions Presented

Several questions have been presented by this appeal. One of the questions presented is whether the trial judge was disqualified from sitting or acting in the proceeding for the determination of costs, disbursements, expenses, and attorneys' fees brought pursuant to Code of Civil Procedure section 1255a.[2] We have concluded that this question must be answered in the affirmative.[3] Accordingly, we need not consider the other matters presented by this appeal directed to certain rulings made by the trial court during the hearing and the alleged error of the court in connection with the award of attorneys' fees. One other question remains for disposition, however. This concerns the propriety of the trial court's refusal to allow plaintiff to take depositions after judgment.

## The Record

Plaintiff school district brought an action in eminent domain against defendants. The action proceeded to trial before the Honorable Raymond G. Callaghan, sitting without a jury. A judgment in condemnation was awarded to plaintiff and damages for the taking were awarded in the sum of $151,437, together with other damages in the sum of $6,509.70. Thereafter, and within the time provided for in section 1255a,

[1] At all times pertinent to this action Code Civ. Proc., § 1255a, provided as follows: "Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendants and filing in court a written notice of such abandonment; . . . Upon such abandonment, . . . on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; . . ."

[2] Unless otherwise indicated all statutory references hereinafter will be to the Code of Civil Procedure.

[3] In reaching this conclusion we have considered the claim of res judicata made by defendants on the basis of the previous denial of a writ of prohibition in this court. Our reasons for holding that the doctrine of res judicata is not applicable will be hereinafter stated.

plaintiff served and filed a written notice of the abandonment of the proceedings and a judgment of dismissal was entered thereon. Defendants thereupon filed a memorandum of costs and disbursements, including attorneys' fees, claiming the total sum of $25,076.70. Plaintiff then filed a notice of motion to tax costs and to modify and reduce the items for attorneys' fees and expenses incurred in the preparation for trial specified in the memorandum of costs and disbursements. Said motion contained a request that the motion be set for hearing. The motion was accordingly noticed for hearing by the clerk for May 1, 1961, at 9 a.m. in department 8.[4] On May 1, 1961, counsel for plaintiff and associate counsel for defendants appeared before Judge Callaghan for said hearing, and, prior to the commencement thereof, plaintiff filed a declaration of prejudice seeking the disqualification of Judge Callaghan under section 170.6.[5] Judge Callaghan then made the following statement in open court: "Now, in this matter I have a declaration of Mr. Sturges in which he feels the Court is prejudiced, and he feels that the Plaintiff can't have an impartial trial. Well, of course, he doesn't ask the Judge to disqualify himself. I think by implication that would necessarily follow. Therefore, I disqualify myself. I don't know that I quite understand the difference between prejudice and bias. If there is any I suppose I must in all frankness tell you I am a little biased in this case, very much so, because I don't like the way it was handled. . . . In my opinion bad management took place and that has in all honesty created perhaps a little bias in my mind here, and I think it is quite proper that you have this matter heard before another judge."[6] Judge Callaghan thereupon ordered the matter

---

[4] Judge Callaghan presides in department No. 8.

[5] Section 170.6 then provided that no judge shall try any action or special proceeding when it is established by an affidavit that he is prejudiced against a party or attorney so that the party or attorney cannot, or believes he cannot, have a fair and impartial trial before such judge. Facts showing prejudice need not be alleged or proved, and, where a timely motion to disqualify is made, supported by an affidavit alleging prejudice, the case or matter, without any further act or proof, must be assigned to another judge for trial or hearing. (See *Pappa* v. *Superior Court*, 54 Cal.2d 350, 353 [5 Cal.Rptr. 703, 353 P.2d 311]; *Jacobs* v. *Superior Court*, 53 Cal. 2d 187, 190 [1 Cal. Rptr. 9, 347 P.2d 9].)

[6] The judge then made the following further statement: "I might add also, gentlemen, for your information, it is the Court's opinion in each and every case where your client's interest will be served, it is your duty as a member of the Bar representing various people to do

transferred to department 6 of the said court.[7] The Honorable W. W. Jacka, presiding in department 6, thereupon ordered the matter continued to May 10, 1961. When the matter came on before Judge Jacka on May 10th at 10 a.m. defendants, orally, and without previous notice, moved to have the matter transferred back to Judge Callaghan in order to permit the making of a motion before said judge to set aside the order for his disqualification previously made. Judge Jacka granted the motion and ordered the matter continued to 1:30 p.m. of the same day, at which time counsel for the respective parties appeared before Judge Callaghan. Counsel for plaintiff objected to the proceedings on two grounds: (1) on the jurisdictional ground that the matter had not been assigned to said department by the presiding judge, and (2) that the matter was not before the court pursuant to any motion or notice. These objections were overruled by the court. Counsel for defendants then made an oral motion that the court strike its previous order disqualifying itself, the minute entry of said order, and the affidavit of prejudice under section 170.6 filed by plaintiff on May 1st. Said motion was based on the contention of defendants that the trial court could not disqualify itself and that it had made its order under the mistaken belief that it was disqualified under section 170.6. The motion was argued by both sides, the argument being directed as to whether the proceeding under section 1255a was a new proceeding or a continuation of the eminent domain action. The matter being submitted for decision, Judge Callaghan granted the motion, ordered that the minute entry and affidavit of prejudice in question be stricken, and ordered that the court would retain jurisdiction to hear

those things that should be done even though you may ask a Judge to disqualify himself. I don't think any Judge should ever take umbrage of that, if the basis of his request is made in good faith and as I believe it is in this case. As a matter of fact, I think it is a duty attorneys owe to their clients to do these things. They have no choice. So we will transfer this case.''

[7]The minutes of the court contain only the following entry: ''Transferred to Dept. 6.'' Pursuant to stipulation of the parties the clerk's transcript has been augmented to include the affidavit of the deputy clerk who was present during the proceedings on May 1, 1961, and who made the aforesaid entry. The said affidavit states that the ''rough minutes'' made by him in court on that date in his handwriting contain the notation, ''Judge Callaghan disqualifies self. Order matter will be transferred to Dept. 6,'' but that ''Because of some oversight or error, the notation 'Judge Callaghan disqualifies self' did not appear in the typed minutes of the Court for May 1, 1961.''

the motion to tax costs. Counsel for plaintiff thereupon moved the court that it disqualify itself under section 170.[8] This motion was denied. Plaintiff then filed a written verified motion requesting Judge Callaghan's disqualification. Said motion recited that it was being made under section 170 on the grounds of interest, prejudice or bias on the part of Judge Callaghan. The only factual allegation in said motion was the following: "[T]hat the said court on May 1, 1961, declared itself to be biased and prejudice [sic] against said plaintiff and their attorneys." Upon motion of defendants this motion was stricken by Judge Callaghan on the ground that it did not set forth facts upon which plaintiff relied in its charge of prejudice. The matter was then continued to May 15th and again to May 26th, when the hearing of the motion to tax came on before Judge Callaghan, who, thereafter, made his judgment allowing defendants costs, expenses, and attorneys' fees in the total sum of $24,916.90.

Prior to the hearing of the motion to tax costs on May 26th, plaintiff filed a petition for a writ of prohibition in the District Court of Appeal. Said petition was predicated upon five grounds: (1) that the transfer of the matter from Judge Jacka to Judge Callaghan without the order of the presiding judge did not confer jurisdiction on Judge Callaghan to reconsider his order for disqualification; (2) that the said motion to reconsider was not duly noticed as required by law; (3) that the trial court was under a duty to disqualify itself under section 170.6 when it received plaintiff's affidavit of prejudice on May 1, 1961; (4) that the trial court erred in striking the statement of disqualification under section 170 made on May 10, 1961; and (5) that the trial court had disqualified itself in open court pursuant to section 170, subdivision 5, on May 1, 1961. The petition was denied summarily and without opinion by Division Two of this court on May 18, 1961.

### The Question of Res Judicata

Defendants contend that the issue of the trial judge's dis-

---

[8]Section 170 provides for the disqualification of judges. Subdivision 5 thereof provides for disqualification on the ground of bias or prejudice and provides the procedure for the determination of such disqualification. The said section provides that where a judge who is disqualified neglects or fails to declare his disqualification as provided in said section any party to the proceeding may present to the court and file with the clerk a written statement objecting to the hearing of the matter or issue before such judge and setting forth the fact or facts constituting the ground of the disqualification of such judge.

qualification has been finally adjudicated by the denial of the petition for a writ of prohibition and therefore is res judicata.

■ An order striking an affidavit or statement for disqualification from the files is not an appealable order and the remedy by appeal is inadequate. (*Keating* v. *Superior Court*, 45 Cal.2d 440, 443 [289 P.2d 209]; *Elliott* v. *Superior Court*, 180 Cal.App.2d 894, 896 [5 Cal.Rptr. 116].) ■ Accordingly, prohibition is a proper remedy to test whether or not a judge is disqualified to act where the facts are not in conflict. (*Elliott* v. *Superior Court, supra,* p. 896; *Keating* v. *Superior Court, supra,* p. 443.) ■ While the act of a judge in failing or refusing to disqualify himself is not a directly appealable order it is, however, reviewable on a later appeal from the final judgment. (*Cohn* v. *Superior Court,* 13 Cal.App.2d 565 [57 P.2d 186].)[9] The question presented in the case at bench is whether the matter of the judge's disqualification was finally adjudicated on its merits in the prohibition proceeding so as to preclude our consideration of that issue on this appeal. Inasmuch as we are concerned with a particular issue in the case our consideration is directed to that aspect of res judicata known as collateral estoppel. (*Servente* v. *Murray,* 10 Cal.App.2d 355, 359 [52 P.2d 270]; *Solari* v. *Atlas-Universal Service, Inc.,* 215 Cal.App.2d 587, 592 [30 Cal.Rptr. 407].) ■ In determining the validity of the plea of collateral estoppel three questions are pertinent; (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? and (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892]; *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.,* 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439].)

The petition for the writ of prohibition in question was denied without a hearing or opinion. ■ The issuance of a

---

[9] In the following cases the question of disqualification was reviewed on appeal: *People* v. *Smith,* 196 Cal. App. 2d 854 [17 Cal.Rptr. 330]; *Wiedemann* v. *Fox,* 191 Cal. App. 2d 812 [13 Cal.Rptr. 161]; *People* v. *Jackson,* 186 Cal. App. 2d 307 [8 Cal.Rptr. 849]; *People* v. *Boyden,* 181 Cal. App. 2d 48 [4 Cal. Rptr. 869]; *Dennis* v. *Overholtzer,* 179 Cal. App. 2d 110 [3 Cal.Rptr. 458]; *Haldane* v. *Haldane,* 210 Cal.App.2d 587 [26 Cal.Rptr. 670].

writ of prohibition is within the judicial discretion of the court. (*Barnard* v. *Municipal Court*, 142 Cal.App.2d 324, 326 [298 P.2d 679]; *First Nat. etc. Bank* v. *Superior Court*, 19 Cal.2d 409, 414 [121 P.2d 729]; *Havemeyer* v. *Superior Court*, 84 Cal. 327, 401 [24 P. 121, 18 Am.St.Rep. 192, 10 L.R.A. 627]; 3 Witkin, Cal. Procedure, § 9, pp. 2472-2473.)

 The initial action in issuing or declining to issue a prerogative writ on ex parte application does not constitute the "determination of [a] cause" (Cal. Const., art. VI, § 24) as to require a written decision. (*Funeral Directors Assn.* v. *Board of Funeral Directors*, 22 Cal.2d 104, 106 [136 P.2d 785].) "It is only after an alternative writ has been issued that the matter becomes a 'cause,' the determination of which, i.e., the granting or denying of a peremptory writ, requires a written decision." (*Funeral Directors Assn.* v. *Board of Funeral Directors, supra,* p. 106.) Accordingly the rule is well settled that a denial by the Supreme Court or the appellate court of an application for a writ without opinion is not res judicata of the legal issues presented by the application unless the *sole possible* ground of the denial was that the court acted on the merits, or unless it affirmatively appears that such denial was intended to be on the merits. (*Hagan* v. *Superior Court*, 57 Cal.2d 767, 770 [22 Cal.Rptr. 206, 371 P.2d 982]; *People* v. *Pipes*, 179 Cal.App.2d 547, 552 [3 Cal.Rptr. 814]; *Confidential, Inc.* v. *Superior Court*, 157 Cal.App.2d 75, 78 [320 P.2d 546]; *McDonough* v. *Garrison*, 68 Cal.App.2d 318, 325 [156 P.2d 983]; see *Funeral Directors Assn.* v. *Board of Funeral Directors, supra,* pp. 107-110.) As stated in *Confidential, Inc.*: "The denial without opinion of an alternative writ adjudges nothing except that, for reasons sufficient to the court, the writ should not issue; this is true except in rare instances." (P. 78.) In the instant case it does not affirmatively appear from the order of denial that it was intended to be on the merits; nor can we say that as a matter of law the sole possible ground was that the court acted on the merits. There is no indication, moreover, that the denial in question was intended to be on the merits rather than an exercise of the discretion vested in the court respecting such matters. We conclude, therefore, that there is no indication of an intention on the part of the appellate court to foreclose plaintiff from resorting to its remedy on appeal as to the issue of Judge Callaghan's disqualification.

## Disqualification of Judge Under Code of Civil Procedure Section 170.6

Plaintiff contends that Judge Callaghan was timely and properly disqualified both pursuant to the peremptory challenge method provided for by section 170.6 and for bias or prejudice as provided in section 170, subdivision 5. Defendants, on the other hand, contend that the purported disqualification under section 170.6 was not timely and that the motion under section 170, subdivision 5, was defective on three grounds, to wit: (1) the motion was not timely; (2) no proper statement was filed; and (3) the purported statement was not made by plaintiff but by its attorney.

We first turn to the purported disqualification under section 170.6. Defendants assert that the motion to disqualify made on May 1, 1961, was not timely because the judge who was to hear the motion to tax costs was known at least 10 days before the date set for the hearing of the latter motion and therefore the disqualification motion was required to be made at least five days before said date.[10] In countering this assertion plaintiff does not contend that the judge who was to hear the motion to tax costs was not known to it 10 days before the date set for the hearing of said motion, but asserts that under section 170.6 the motion to disqualify was timely, when made prior to commencement of the hearing, because the motion to tax was a hearing "other than the trial of a cause." As to timeliness, defendants also assert that the motion to tax costs is a supplemental or continued hearing on matters involved in the original eminent domain proceeding and that therefore an application under section 170.6 for disqualification of the same judge who heard the original proceeding is not proper or timely because it was made after the trial had commenced.[11] To this contention plaintiff replies

---

[10]Section 170.6, subdivision (2), provides in part: "Where the judge assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. . . . If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing."

[11]Section 170.6, subdivision (2), provides in part: "In no event shall any judge entertain such motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there be no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced."

that a motion to tax costs pursuant to section 1255a is an entirely new proceeding because it "is the enforcement of a legal right, a cause of action, which arises upon the entry of a judgment of abandonment."

In order to properly dispose of the question we must consider the purport of section 1255a. That section provides that the plaintiff in an eminent domain proceeding may, within the time therein specified, abandon such proceeding by filing written notice of abandonment. Upon such abandonment, on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorneys' fees. As provided in said section, these costs and disbursements, including expenses and attorneys' fees, *may* be claimed in and by a cost bill which is to be prepared, served, filed and taxed *as in civil actions*, i.e., pursuant to section 1033 which has to do with cost bills, generally, in civil actions after judgment.

Turning to the applicability of section 1255a to the instant case we find that upon the filing of a written notice of abandonment by plaintiff the court below made its judgment decreeing that the action was abandoned and dismissed. This judgment, which was duly entered, also provided that defendants were entitled to have their costs and disbursements in accordance with section 1255a. The said judgment thus made and rendered was a final judgment from which an appeal could be taken because it determined all of the rights of the parties and required no further judicial action to give effect to its provisions. (§ 963, subd. 1; *Gollard* v. *Bayless*, 174 Cal.App.2d 827, 828-829 [345 P.2d 299]; *Bakewell* v. *Bakewell*, 21 Cal.2d 224, 227 [130 P.2d 975]; *Lyon* v. *Goss*, 19 Cal.2d 659, 670 [123 P.2d 11]; *Alpers* v. *Bliss*, 145 Cal. 565 [79 P. 171]; *Dempsey* v. *Underhill*, 156 Cal. 718 [106 P. 73]; *Herrscher* v. *Herrscher*, 41 Cal.2d 300 [259 P.2d 901].)

Although the judgment was final in the sense that upon its entry it became an appealable judgment, the eminent domain proceeding was nevertheless still a pending action and would continue as such until the time for appeal expired or until it was finally determined on appeal. (§ 1049; *Pacific Gas & Elec. Co.* v. *Nakano*, 12 Cal.2d 711, 714 [87 P.2d 700, 121 A.L.R. 417]; *Estate of McDonald*, 37 Cal.App.2d 521, 526 [99 P.2d 1115].)

"The awarding of costs is but an incident to the

judgment. . . ." (*Wells Fargo & Co.* v. *City & County of San Francisco*, 25 Cal.2d 37, 44 [152 P.2d 625] ; *Purdy* v. *Johnson*, 100 Cal.App. 416, 420-421 [280 P. 181] ; *Cain* v. *French*, 29 Cal.App. 725, 727 [156 P. 518] ; and see *Stockton Theatres, Inc.* v. *Palermo*, 55 Cal.2d 439, 443 [11 Cal.Rptr. 580, 360 P.2d 76].)[12] Accordingly, costs follow as a matter of course unless the court for good reason should decree otherwise. (*Caviglia* v. *Jarvis*, 135 Cal.App.2d 415, 420 [287 P.2d 525].) No further judicial action is required after an award of costs is made. The requirement is imposed upon the party who is entitled to costs that he file a memorandum of the items of his costs and disbursements (§ 1033) and if he fails to do so he is deemed to have waived the costs accruing in his favor. (*Levinson* v. *Silverman*, 110 Cal.App. 467, 469 [294 P. 434].) The procedures generally applicable to the preparation, service, filing and taxing of a memorandum of items of costs in section 1033 are expressly made applicable to section 1255a. The latter section is the statutory vehicle by which the costs and disbursements awarded in the judgment of dismissal upon the abandonment of an eminent domain action are claimed and taxed. Because of its specific provisions the abandonment of a condemnation suit is one of the exceptional occasions where, contrary to the general rule, the recovery of counsel fees is allowed *as part of the defendants' costs.* (17 Cal.Jur.2d, Eminent Domain, § 245, p. 777 ; *Pacific Gas etc. Co.* v. *Chubb*, 24 Cal.App. 265, 269-270 [141 P. 36] ; *City of Los Angeles* v. *Abbott*, 114 Cal.App. 180 [299 P. 807] ; and see *City of Inglewood* v. *O. T. Johnson Corp.*, 113 Cal.App.2d 587, 589 [248 P.2d 536].)

 When the condemning party abandons the proceeding as provided in section 1255a it avoids the obligation imposed by the judgment and assumes " 'a new and different obligation' " imposed by the statute which permits such abandonment and authorizes entry of a judgment of dismissal together with an award for costs and disbursements including all necessary expenses incurred in preparing for trial and during trial and reasonable attorneys' fees. (*Capistrano*

---

[12]In *Stockton Theatres, Inc.* v. *Palermo*, 55 Cal. 2d 439 [11 Cal.Rptr. 580, 360 P.2d 76], the court in discussing a judgment for costs stated: "Such awards are, in fact, separate and complete judgments in themselves." (P. 443; citing *Supera* v. *Moreland Sales Corp.*, 28 Cal. App. 2d 517, 521 [82 P.2d 963].)

*Union High School Dist.* v. *Capistrano Beach Acreage Co.,* 188 Cal.App.2d 612, 615 [10 Cal.Rptr. 750]; *Bellflower City School Dist.* v. *Skaggs,* 52 Cal.2d 278, 281-282 [339 P.2d 848]; *People* v. *Superior Court,* 145 Cal.App.2d 683, 688 [303 P.2d 628].) The purpose of section 1255a, therefore, is to recompense the defendant for expenses which he is impelled to incur by reason of the plaintiff's failure to carry the proceeding through to conclusion, thereby depriving the defendant of any award for his property. *(City of Inglewood* v. *O. T. Johnson, Corp., supra,* p. 591.) In order to claim these costs and disbursements the defendant must claim them by a verified cost bill filed and presented as provided for in section 1033. If the plaintiff is dissatisfied with any of the costs and disbursements claimed, he must file a motion to have the same taxed *by the court in which the judgment was rendered, or by the judge thereof at chambers.* (§ 1033.) By not objecting within the time and in the manner authorized by statute the plaintiff waives the right to object to any part of the memorandum which complies with the statute and the cost bill becomes conclusive. *(Hansen* v. *Farmers A. Inter-Ins. Exchange,* 12 Cal.App.2d 493, 494 [55 P.2d 900].) However, where the items are properly objected to by the plaintiff they are put in issue, and the burden of proof is upon the defendant to establish the costs which are objected to. *(City of Los Angeles* v. *Abbott,* 129 Cal.App. 144, 153 [18 P.2d 785]; *Estate of Bauer,* 59 Cal.App.2d 161, 164 [138 P.2d 721]; *Stenzor* v. *Leon,* 130 Cal. App.2d 729, 735 [279 P.2d 802]; *Whitaker* v. *Moran,* 23 Cal. App. 758, 761 [139 P. 901]; *Senior* v. *Anderson,* 130 Cal. 290, 299-300 [62 P. 563]; *Lomita Land & Water Co.* v. *Robinson,* 154 Cal. 36, 52-53 [97 P. 10, 18 L.R.A. N.S. 1106].) It is not necessary that the plaintiff accompany the motion to tax costs with any affidavit, but at the hearing he may present any competent evidence, oral or written. *(Senior* v. *Anderson, supra; Lomita Land & Water Co.* v. *Robinson, supra;* and see *Port San Luis Harbor Dist.* v. *Port San Luis Transp. Co.,* 213 Cal.App.2d 689, [29 Cal.Rptr. 136].) If the items appear to be proper charges the verified memorandum is prima facie evidence that the costs, expenses and services therein listed were necessarily incurred by the defendant *(Port San Luis Harbor Dist.* v. *Port San Luis Transp. Co., supra,* p. 696; *Haydel* v. *Morton,* 18 Cal.App.2d 695, 696 [64 P.2d 954]), and the burden of showing that an item is not

properly chargeable or is unreasonable is upon the plaintiff. (*Wilson* v. *Nichols,* 55 Cal.App.2d 678, 682-683 [131 P.2d 596]; *Von Goerlitz* v. *Turner,* 65 Cal.App.2d 425, 431-432 [150 P.2d 278]; *Shemanski* v. *Sair,* 124 Cal.App.2d Supp. 885, 887-888 [268 P.2d 576].) However, where the claim is made for a disbursement which on its face does not appear to be proper or is for a disbursement the necessity for which is doubtful, and the item is properly challenged upon a motion to tax costs, the burden is on the claimant to establish the necessity for the disbursement. (*Stenzor* v. *Leon, supra,* 130 Cal.App.2d 729, 735; *Miller* v. *Highland Ditch Co.,* 91 Cal. 103, 105-106 [27 P. 536]; *Estate of Bauer, supra,* p. 164.) Moreover, if the correctness of the memorandum is challenged either in whole or in part by the affidavit or other evidence of the contesting party, the burden is then on the party claiming the costs and disbursements to show that the items charged were for matters *necessarily relevant and material to the issues involved in the action.* (*Whitaker* v. *Moran, supra,* p. 761; *City of Los Angeles* v. *Abbott, supra,* p. 153.) The determination of the items allowable as costs is largely a question for the trial court in its discretion, and if no abuse of discretion is shown, the action of the trial court will not be disturbed. (*Von Goerlitz* v. *Turner, supra,* p. 432; *Stenzor* v. *Leon, supra,* p. 735.)

 From the observations hereinabove made with respect to the pertinent applicable legal principles, it is apparent that the motion to tax costs made pursuant to section 1255a is a part and a continuation of the original eminent domain proceedings, within the meaning of the rule laid down in *Jacobs* v. *Superior Court,* 53 Cal.2d 187 [1 Cal.Rptr. 9, 347 P.2d 9], so as to preclude a disqualification under section 170.6. The essence of the rule stated in *Jacobs* is that in a supplemental or continued hearing on matters involved in the original proceeding an application under section 170.6 for disqualification of the same judge who heard the original proceeding is not proper or timely and is not permitted under the section. (See *Stafford* v. *Russell,* 201 Cal. App.2d 719, 721 [20 Cal.Rptr. 112]; *People* v. *Paramount Citrus Assn., Inc.,* 177 Cal.App.2d 505, 511-512 [2 Cal.Rptr. 216]; *Dennis* v. *Overholtzer,* 179 Cal.App.2d 110, 111-112 [3 Cal.Rptr. 458].) The rationale of *Jacobs* is that if a disqualification were permitted under section 170.6 in matters which are continuations of a prior proceeding, it would

mean that the judge who tried the case, and who is ordinarily in the best position to pass upon the questions involved in the supplementary proceedings, could by a mere general allegation of prejudice, and without any judicial determination of the facts, be disqualified from hearing such matters. There can be little doubt that a motion to tax costs is a special proceeding incidental to the original proceedings which dispose of the action. It is so contemplated by section 1033, which provides that motions to tax are to be passed upon "by the court in which the judgment was rendered, or by the judge thereof at chambers." It is also a matter of common knowledge among lawyers and of judicial notice by the courts that motions to tax costs are generally and usually heard by the judge who presided over the trial in which the judgment of which the costs are an incident was rendered. Moreover, in the proceeding provided for in section 1255a, the condemner by moving for a dismissal of the eminent domain proceeding charges itself in the judgment of dismissal with the obligation of the costs and disbursements therein provided. Such a dismissal carries with it, by virtue of said statute, the imposition of an award in favor of the condemnee for such costs and disbursements including attorneys' fees. (*Capistrano Union High School Dist.* v. *Capistrano Beach Acreage Co., supra,* 188 Cal.App.2d 612, 615.) These costs and disbursements arise out of and are necessarily relevant and material to the issues involved in the eminent domain action, and the judge who tried the case is in the best position to pass upon the propriety of these costs and disbursements, particularly the question of the reasonableness of attorneys' fees. (See *Mountain View Union High School Dist.* v. *Ormonde,* 195 Cal.App.2d 89 [15 Cal. Rptr. 461]; *Port San Luis Harbor Dist.* v. *Port San Luis Transp. Co., supra,* 213 Cal.App.2d 689, where the motion to tax costs under section 1255a was heard by the judge who tried the main eminent domain case.) Accordingly, under the rule stated in *Jacobs,* a proper motion to disqualify Judge Callaghan under section 170.6 was required to be made prior to the commencement of the trial of the eminent domain action, and such motion could not be entertained when it was made for the first time immediately prior to the commencement of the hearing of the motion to tax costs. (See *Jacobs* v. *Superior Court, supra.*) We need not, therefore, consider the respective claims concerning the timeliness of the

motion under section 170.6 in the other respects urged by the respective parties on this appeal.

### Disqualification of Judge Under Code of Civil Procedure Section 170

Plaintiff asserts that Judge Callaghan was disqualified for bias and prejudice by virtue of the statement made on May 1, 1961, when he said ". . . I am a little biased in this case, very much so, because I don't like the way it was handled." It is claimed, moreover, by plaintiff, that Judge Callaghan at that time declared his own disqualification as provided for in section 170 and that no further proceedings were required to compel his disqualification. The record discloses, however, that the judge was then discussing his disqualification under section 170.6 and that his statement "Therefore, I disqualify myself" was made prior to the utterance in question. Court and counsel were then discussing the efficacy of the motion to disqualify under section 170.6. It is apparent from the record, therefore, that at that time Judge Callaghan was not making a voluntary declaration of his disqualification, but that he was disqualifying himself under the belief that he had no other alternative under the peremptory challenge procedure provided for in section 170.6. This is apparent, furthermore, from the action of the judge in setting aside his said disqualification when he was asked to reconsider the same on the basis that he was not disqualified under section 170.6. A further indication of this circumstance is also indicated in the conduct of plaintiff, when, after the disqualification was set aside, it specifically requested the judge to voluntarily declare his disqualification under section 170, subdivision 5, and he declined to do so.

Upon the refusal of the judge to voluntarily disqualify himself, plaintiff thereupon filed a written motion objecting to the hearing of such matter pursuant to section 170, subdivision 5. Judge Callaghan struck said motion from the files on the ground that it did not state sufficient facts constituting the alleged disqualification. A judge is without power to pass upon the question of his own disqualification where an appropriate issue of fact is presented by the statement charging bias or prejudice. (*People* ex rel. *Dept. of Public Works* v. *McCullough,* 100 Cal.App.2d 101, 109 [223 P.2d 37]; *Mackie* v. *Dyer,* 154 Cal.App.2d 395, 399 [316 P.2d 366]; *In re Harrington,* 87 Cal.App.2d 831, 834-835 [197 P.2d 783].) However, where the statement is insufficient,

the judge can so determine, whereupon the procedure provided for in section 170 is not applicable and the challenged judge may proceed to try the cause on its merits. (*People* v. *Darby*, 114 Cal.App.2d 412, 439 [250 P.2d 743]; *Mackie* v. *Dyer, supra*.) ▉ ▉ The allegations in a statement charging bias or prejudice of a judge must set forth specifically the facts on which the charge is predicated (*Hume* v. *Superior Court*, 17 Cal.2d 506, 514 [110 P.2d 669]; *Mackie* v. *Dyer, supra*), and when the statement does not set forth facts constituting a ground of disqualification it may be ignored or stricken from the files by the trial judge. (*Keating* v. *Superior Court, supra*, 45 Cal.2d 440, 443; *Neblett* v. *Pacific Mutual L. Ins. Co.*, 22 Cal.2d 393, 401 [139 P.2d 934]; *Mackie* v. *Dyer, supra*; *People* v. *Lyon*, 185 Cal.App.2d 558, 585 [288 P.2d 57]; *People* ex rel. *Dept. of Public Works* v. *McCullough, supra*; *Ephraim* v. *Superior Court*, 42 Cal.App. 2d 578 [109 P.2d 378]; *People* v. *Nolan*, 126 Cal.App. 623 [14 P.2d 880].)

Under section 170, subdivision 5, if the written statement is timely and sets forth sufficient facts constituting the bias and prejudice of the judge, it is the duty of the judge to file an answer within five days. (*Keating* v. *Superior Court, supra*, p. 443; *Blackman* v. *MacCoy*, 169 Cal.App.2d 873, 879 [338 P.2d 234, 339 P.2d 169].) If the statement is legally sufficient and the judge fails to file an answer thereto within five days, the facts alleged in the statement must be taken as true and the judge becomes disqualified automatically. (*Calhoun* v. *Superior Court*, 51 Cal.2d 257, 262 [331 P.2d 648]; *Blackman* v. *MacCoy, supra*; *Keating* v. *Superior Court, supra*.) ▉ The failure to file such answer within said period has the same effect as if the judge admits his disqualification or is found disqualified. (1 Witkin, Cal. Procedure, § 50, p. 175.) The primary question for determination, therefore, is whether the statement filed by plaintiff in the instant case was timely and whether it was legally sufficient.

Defendants urge that the motion to disqualify under section 170, subdivision 5, was defective for untimeliness.[13] The contention is made that that motion was not made before the " 'commencement of the hearing. . . .' " Accordingly, the as-

---

[13] While defendants' motion to strike plaintiff's statement was made solely on the ground that it did not state facts sufficient for a disqualification, it appears that prior to the making of such motion, defendants did object to the timeliness of the statement.

sertion is made by defendants that the situation is analogous to section 170.6 and that the principles made applicable by the cases to that section with respect to timeliness are applicable here. The language in section 170, subdivision 5, however, is not the same as that contained in section 170.6. The pertinent language in section 170, subdivision 5, is as follows: "The statement of a party objecting to the judge on the ground of his disqualification, *shall be presented at the earliest practicable opportunity,* after his appearance and discovery of the facts constituting the ground of the judge's disqualification, *and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such judge.*" (Italics added.)

The important distinction between sections 170.6 and 170, subdivision 5, is obvious. The former provides for what amounts to a peremptory challenge of a judge, and is a procedure whereby prejudice is established by a sworn statement without judicial determination of the fact. (*Johnson* v. *Superior Court,* 50 Cal.2d 693 [329 P.2d 5].) In essence it is directed to a judge *personally* on the basis that such judge is *believed* to be biased or prejudiced. Accordingly, when the judge is *known* prior to the commencement of the trial or any continuation thereof the statute requires its prompt exercise, otherwise, as stated in *Jacobs,* litigants would be permitted to gamble on a favorable decision, and if unfavorable, seek another judge's ruling on substantially the same issues. (P. 191 of 53 Cal.2d.) Section 170, subdivision 5, however, requires that bias or prejudice be *established as a fact* to the satisfaction of a judicial body. That fact may not become known to the litigant until *after* the trial or proceeding has commenced. It may even become known for the first time after judgment. Accordingly, the cases have interpreted section 170, subdivision 5, to mean that the ground of disqualification must be urged at the "earliest practicable opportunity" after the discovery of the facts, subject to the limitation that if the facts are discovered by a party before trial the requirement of timeliness is not satisfied if he waits until after the trial has commenced. (1 Witkin, Cal. Procedure, § 54, pp. 178, 179; *Keating* v. *Superior Court, supra,* 45 Cal.2d 440, 447; *Mayo* v. *Beber,* 177 Cal.App.2d 544 [2 Cal.Rptr. 405]; *People* v. *Wade,* 150 Cal.App.2d 281, 285 [309 P.2d 841]; *Krebs* v. *Los Angeles Ry. Corp.,* 7 Cal.2d 549, 553 [61 P.2d 931].) The rationale of the right to urge dis-

qualification where the ground therefor exists *in fact* is further demonstrated by the rule which permits disqualification to become a basis for attack on the judgment itself where the ground of disqualification is not known until after judgment. (See *Giometti* v. *Etienne,* 219 Cal. 687 [28 P.2d 913]; *Cadenasso* v. *Bank of Italy,* 214 Cal. 562 [6 P.2d 944].)

▉ In the present case the written motion to disqualify was made prior to the commencement of the motion to tax. It was made on May 10th and prior to the commencement of the subject hearing. While it is true that the "facts" constituting the ground of disqualification became known to plaintiff on May 1st when Judge Callaghan made the remarks in question, the said judge did on May 1st make an order disqualifying himself. That order was not set aside until May 10th. There was no reason for plaintiff to have made a motion to disqualify during that interim. When the disqualification was set aside on the basis that the judge should not have declared himself disqualified under section 170.6, plaintiff immediately made his motion under section 170, subdivision 5. Under the circumstances, we believe that plaintiff acted "at the earliest practicable opportunity."

▉ The vital question for consideration in this case is whether the statement sets forth sufficient facts constituting the bias or prejudice of the judge. The requirements are succinctly stated in *Calhoun*: "Section 170 of the Code of Civil Procedure requires a verified statement *showing facts,* not conclusions, from which the claimed disqualification appears to be probable, that is, from which facts the disqualification appears to follow as a conclusion of law. Furthermore, the stated facts must make the bias appear probable *as to the issue or issues to be tried.*" (P. 260 of 51 Cal.2d.) ▉ In the present case the pertinent portions of the statement (entitled "Motion for Order of Disqualification") reads as follows: "The plaintiff . . . hereby moves the Court . . . to disqualify itself under section 170 of the California Code of Civil Procedure on the basis that the said court on May 1, 1961, declared itself to be biased and prejudice [*sic*] against said plaintiff and their attorneys. I believe that said Oak Grove School District cannot have a fair and just trial before the said judge for said action and the Motion to Tax Costs now pending by reason of the interest, prejudice or bias of the said Judge Raymond G. Callaghan. . . . This Motion is based upon the records and files herein and the statement in

open court on May 1, 1961.'' The said motion was signed by the attorney for plaintiff, and verified by such attorney.[14]

The charging allegation appears, at first blush, to be conclusionary. This impression is engendered by the brevity of the allegation. In the usual disqualification case we have a narrative of facts from which the existence of bias or prejudice appears probable. We rarely have an instance where a judge is accused of actually stating that ''he is biased and prejudiced in the case'' in just so many words. This is the purport of the allegation here. ▮ The statement required by section 170, subdivision 5, is in the nature of a complaint, and as such it need only allege ultimate facts. (§ 426.) ▮ The allegation here in question consists of more than a mere conclusion; it is a statement of the ultimate fact that on a certain day the judge stated he was biased and prejudiced in the case. This is a sufficient statement of fact which, if true, would show such bias and prejudice on the part of the judge. ▮ The verb ''declare'' is defined as follows: ''to make known publicly, formally, or explicitly esp. by language; announce, proclaim''; and ''declare oneself'' is defined as: ''to make known one's opinion: announce one's position.'' (Webster's Third New Internat. Dict.) ▮ In view of the brevity of the trial court's entire statement which would constitute the evidentiary fact to support plaintiff's allegation, i.e., ''. . . I am a little biased in this case, very much so, because I don't like the way it was handled. . . . In my opinion bad management took place and that has in all honesty created perhaps a little bias in my mind here,'' there was not much more that plaintiff could allege as an ultimate fact establishing a ground of disqualification. The motion stated further that plaintiff did not believe that it could have a fair and impartial trial in the pending motion to tax costs because of the bias and prejudice of the judge. This averment, when coupled with the aforesaid statement of fact, is sufficient to make the bias and prejudice appear probable as to the issue or issues to be tried. We are of the opinion,

[14]Said verification reads as follows: ''That he is the attorney for the plaintiff . . . ; that he has read the foregoing Motion for Order of Disqualification, and knows the contents thereof; that the same is true of his own knowledge, except as to the matters which are therein stated on his information or belief and as to those matters that he believes it to be true.

''Robert S. Sturges

''[Notary's Subscription]''

therefore, that plaintiff's statement fully meets the requirements stated in *Calhoun,* and that it contained sufficient facts to require the decision of another judge as to the disqualification of Judge Callaghan.

Plaintiff's statement being legally sufficient, it estopped Judge Callaghan from determining his own qualifications to sit as the trial judge in the proceeding, and it had the immediate effect of depriving him of jurisdiction to decide the motion to tax costs. (*In re Harrington, supra,* 87 Cal. App.2d 831; 1 Witkin, *supra,* p. 175.) As pointed out by *Witkin,* the filing of a sufficient statement has the effect of temporarily suspending the challenged judge's jurisdiction in order to permit him to file his answer to such statement and to have the matter of his disqualification thereupon determined by another judge. The said judge may after the hearing thereof determine that the challenged judge is not disqualified, in which event the latter's jurisdiction is reinstated.

In the present case Judge Callaghan was ousted of jurisdiction temporarily when the statement was filed, and lost jurisdiction permanently when he did not file an answer to the statement within the mandatory five-day limit. (*Rosenfield* v. *Vosper,* 70 Cal.App.2d 217, 222 [160 P.2d 842]; *In re Harrington, supra,* pp. 834-835; *Miller & Lux, Inc.* v. *Superior Court,* 19 Cal.App.2d 628, 633 [66 P.2d 689]; 1 Witkin, *supra,* p. 175.) Accordingly, Judge Callaghan being so disqualified, he totally lacked power to hear and determine the instant cause, and therefore the superior court had no jurisdiction to act while said judge sat therein. (See 1 Witkin, *supra,* § 29, p. 160.)

Defendants make the further contention that the motion for disqualification was not made in strict compliance with section 170, subdivision 5, in that it was not made or verified by a party to the action or proceeding. No objection, however, was interposed by defendants as to the form of the subscription or the verification. The motion to strike was made on the basis that the disqualification statement did not state sufficient facts to show bias and prejudice. The matter was heard upon the merits. Such a technical objection cannot now be urged on appeal for the first time. (See *Lapique* v. *Kelley,* 82 Cal.App. 586, 592 [256 P. 229]; *Rosenfield* v. *Vosper, supra,* p. 224; *Kuhland* v. *Sedgwick,* 17 Cal. 123.) Furthermore, the contention is without merit. The statute provides that "[e]very such statement . . . shall be verified

by oath in the *manner* prescribed by section 446 of this code for the verification of pleadings."[15] (Italics added.) The motion in this case *was* made by a party to the action. It recites that "The plaintiff Oak Grove School District hereby moves the Court . . . to disqualify itself. . . ." ▆▆ Section 170, subdivision 5, does not require that the statement be subscribed but only that it be verified in "the manner prescribed by section 446. . . ." The within statement was subscribed by plaintiff's attorney of record. ▆▆ An attorney acts as his client's agent and has authority to bind his client in all matters pertaining to the regular conduct of the case. (§ 283; *Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc.,* 45 Cal.2d 448 [289 P.2d 466]; and see § 446, providing that pleadings may be "subscribed by the party or his attorney.")

▆▆ While the verification was not made by plaintiff it was made by its attorney and was substantially in the form required by section 446 in that said attorney states in said verification that the contents of the motion for an order for disqualification are "true of his own knowledge. . . ."

▆▆ Under section 446 an attorney may make a verification to a pleading where the facts are within his knowledge. (*Newman* v. *Bird,* 60 Cal. 372, 375; *Brown* v. *Sandell,* 79 Cal. App. 313, 315-316 [249 P. 209]; *H. G. Bittleston Law etc. Agency* v. *Howard,* 172 Cal. 357, 360-362 [156 P. 515].) In the instant case the pertinent allegation in the motion that "the said court on May 1, 1961, declared itself to be biased and prejudice [*sic*] against said plaintiff and their attorneys" is stated to be within the knowledge of the affiant attorney. The positive statement in the verification that the contents of the motion not stated on information or belief were true of his own knowledge not only necessarily implied a knowledge of such facts so positively stated (*Brown* v. *Sandell, supra,* pp. 315-316), but the record discloses such knowledge. The reporter's transcript of the proceedings of May 1st indicates

---

[15]Code Civ. Proc., § 446, provides in part: "In all cases of a verification of a pleadings, the affidavit of the party shall state that the same is true of his own knowledge, except as to the matters which are therein stated on his information or belief, and as to those matters that he believes it to be true; and where a pleading is verified, it shall be by the affidavit of a party, unless the parties are absent from the county where the attorney has his office, or from some cause unable to verify it, or the facts are within the knowledge of his attorney or other person verifying the same. When the pleading is verified by the attorney, or any other person except one of the parties, he shall set forth in the affidavit the reasons why it is not made by one of the parties."

that Attorney Sturges was present when the questioned remarks of Judge Callaghan were made. ▇ Although the verification in the instant case does not state the reasons why it was not made by one of the parties as section 446 appears to require, it has been held that where the averments in the affidavit of the attorney or agent state that the facts contained in the pleading verified are within the knowledge of the affiant such averment must be deemed a sufficient statement why the party did not make the verification. (*Newman* v. *Bird, supra; H. G. Bittleston Law etc. Agency* v. *Howard, supra,* pp. 360-362.)

▇ In this case the affiant attorney qualified the statement that the contents of the motion were true of his own knowledge with the statement "except as to the matters which are therein stated on his information or belief and as to those matters that he believes it to be true." ▇ An attorney cannot make a verification based on information or belief. (§ 446.) ▇ In the present case the only statement in the motion made on "belief" was the averment that the affiant believed that the school district could not have a fair trial because of the judge's prejudice or bias. This statement was not one of fact, but one of opinion. It added nothing to the requirement that a motion to disqualify must set forth sufficient facts constituting bias or prejudice, and even if stricken or disregarded, would not affect its legal sufficiency. Moreover, the said averment does not by its language purport to qualify the averment that the facts stated were within the knowledge of the affiant. (See *H. G. Bittleston Law etc. Agency* v. *Howard, supra,* pp. 360-362.)

Defendants rely on *Bompensiero* v. *Superior Court,* 44 Cal. 2d 178 [281 P.2d 250], where the trial court struck the statement on the ground that it was formally defective because it was not verified. This case does not help defendants. While the opinion in *Bompensiero* does not disclose whether a motion was made to strike the statement on the basis that it was not verified, that case is readily distinguished from the case at bench in that there the statement *was not verified at all.*

### The Question Relative to Depositions

Inasmuch as the subject motion to tax costs must be retried we must dispose of the question as to the propriety of the taking of depositions. After judgment and prior to the hearing on the motion to tax costs, plaintiff noticed the deposi-

tions of one of the property owners (L. C. Bean) and two of the attorneys of record. Upon motion duly made by defendants, the trial court ordered the service of the notice of the taking of said depositions quashed. The basis of the lower court's ruling was that plaintiff was not entitled to take depositions after judgment, and particularly that plaintiff was not entitled to a deposition as an incident of discovery on a motion to tax costs.

Defendants contend that the trial court's order was appealable, and that plaintiff, not having appealed from the order, is now estopped from urging the question on this appeal. This assertion is without merit. An order quashing the service of a notice of taking deposition is not an appealable order. Such an order is not included among the relatively small group of orders designated in section 963, nor is it made appealable by a specific statute. An order is not appealable unless expressly so declared. (*Title Ins. & Trust Co.* v. *California etc. Co.*, 159 Cal. 484, 486-488 [114 P. 838]; *Peninsula Properties Co.* v. *County of Santa Cruz*, 106 Cal.App.2d 669, 675 [235 P.2d 635]; 3 Witkin, Cal. Procedure, § 9, p. 2150.) Therefore, orders dealing with pleadings, parties, evidence and trial procedure are generally nonappealable. (3 Witkin, *supra*, § 19, p. 2162.) Accordingly, the following orders relating to evidence have been held to be nonappealable, to wit: order granting or denying right to inspect documents (*Collins* v. *Corse*, 8 Cal.2d 123 [64 P.2d 137]; *Dowell* v. *Superior Court*, 47 Cal.2d 483 [304 P.2d 1009]; *Estate of Fraysher*, 47 Cal.2d 131 [301 P.2d 848]); and order denying motion to quash subpoena duces tecum and order requiring appearance (*Ahrens* v. *Evans*, 42 Cal. App.2d 738 [109 P.2d 991]). A notice to take deposition relates to evidence; therefore, an order quashing the same clearly comes within the foregoing principles and is nonappealable.

Defendants' motion to quash was made on the ground that plaintiff was not legally entitled to take a deposition in a proceeding to tax costs because the cause had already been reduced to a judgment. The motion to quash was submitted to the court for determination as a matter of law. In granting the motion the court below analogized section 1255a to section 1033 and concluded that a deposition was not warranted in a motion to tax costs proceeding. At the time the motion to quash was heard and determined, section 2016, subdivision

710

(a), provided that "Any party may take the testimony. of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. Such depositions may be taken in an action at any time after the service of the summons or the appearance of the defendant, and in a special proceeding after a question of fact has arisen therein. . . ."[16] It should be first noted that while the subject depositions were sought after the entry of judgment, the eminent domain proceedings were still pending and therefore the notice to take depositions was within the time provided by the statute. (*Carlson* v. *Superior Court*, 56 Cal.2d 431, 436-437 [15 Cal.Rptr. 132, 364 P.2d 308].) The judgment in the instant case was entered on March 17, 1961, and the earliest date on which the time to appeal would have expired so as to terminate the action (in the absence of an appeal) was on May 16, 1961. The notice of taking depositions on April 21, 1961, was filed on April 10, 1961. Moreover, section 2016, subdivision (a), at the time the depositions in question were sought, authorized the taking of depositions "in a special proceeding after a question of fact has arisen therein."[17] We apprehend a motion to tax costs under section 1255a to be a special proceeding incidental to and a continuation of the original trial proceedings. A special proceeding has reference only to such proceedings as may be commenced independently of a pending action by petition or motion upon notice in order to obtain special relief. And, generally speaking, a special proceeding is confined to the type of case which was not, under the common law or equity practice, either an action at law or a suit in equity.[18] (*In re Sutter-Butte By-*

[16]Section 2016, subd. (a), was amended effective September 15, 1961, with reference to a "special proceeding." The words "a question of fact has arisen therein" were deleted. Said section now reads: "or in a special proceeding after the service of the petition or after the appearance of the defendant or respondent."

[17]Note: Code Civ. Proc., § 2035, having reference to article 3 of chapter 3 of said code dealing specifically with "Depositions and Discovery," provides that the word "action" shall be construed to include a special proceeding of a civil nature. (See *Carlson* v. *Superior Court*, 56 Cal.2d 431, 437 [15 Cal.Rptr. 132, 364 P.2d 308].)

[18]Code Civ. Proc., § 22, provides: "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." And § 23 of said code provides: "Every other remedy is a special proceeding."

*Pass Assessment,* 190 Cal. 532, 537 [213 P. 974]; *Tide Water Assoc. Oil Co.* v. *Superior Court,* 43 Cal.2d 815, 822 [279 P.2d 35].) The right to costs is purely statutory or dependent upon some rule of court, and did not exist at common law. (*Ridge* v. *Boulder Creek etc. School Dist.,* 60 Cal.App.2d 453, 462 [140 P.2d 990]; *Heimann* v. *City of Los Angeles,* 91 Cal.App.2d 311, 314 [204 P.2d 955].) Moreover, an order taxing costs made after entry of judgment has been held to be a *special order* made after judgment from which appeal will lie. (*Smallpage* v. *Turlock Irrigation Dist.,* 26 Cal.App.2d 538, 541 [79 P.2d 752]; *Hand* v. *Carlson,* 138 Cal.App. 202, 210 [31 P.2d 1084]; § 963.) The depositions in the instant case were directed specifically to the seeking of information relative to the issues "upon abandonment and the attorney's fees to which the defendant is entitled." The record discloses that when these depositions were noticed and the motion to quash was heard, the only pleadings on file with respect to the matter of costs and disbursements was defendants' verified memorandum of costs and plaintiff's motion to tax which was unverified and unsupported by any affidavit. At that time section 2016, subdivision (a), provided that in a special proceeding a deposition could only be had therein when "a question of fact has arisen. . . ." As we have pointed out above the filing of a motion to tax costs need not be accompanied by an affidavit and is sufficient in itself, if in proper form, to put in issue the items objected to in the motion. (*Senior* v. *Anderson, supra,* 130 Cal. 290; *Lomita Land & Water Co.* v. *Robinson, supra,* 154 Cal. 36.) We should take note, moreover, that under the provisions of section 2016, subdivision (a), as it now reads, it is no longer necessary that a question of fact has arisen before a deposition may be taken in a special proceeding. Such a deposition may be taken after the service of the petition or the appearance of the defendant or respondent. Accordingly, in a proceeding to tax costs the first pleading is the memorandum of costs. Upon its filing the taking of a deposition with respect to the items claimed would be proper and timely.

 Therefore, whether we consider the motion to tax costs as a part of the eminent domain action which was then pending or as a special proceeding, the noticing of the depositions in question was proper and timely. This leaves for determination the question whether the trial court abused its

discretion in quashing the service of the notice to take depositions. ▪ While the discovery statutes give the trial court wide discretion in making such orders as may be necessary to protect parties and deponents from abuse or misuse of depositions (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 378 [15 Cal.Rptr. 90, 364 P.2d 266]; *Carlson* v. *Superior Court, supra,* 56 Cal.2d 431, 437), "there can be no room for the exercise of such discretion if no ground exists upon which it might operate." (*Carlson* v. *Superior Court, supra,* p. 438, fn. omitted.) If there is no legal justification for such exercise of discretion it must be held that an abuse occurred. (*Carlson* v. *Superior Court, supra,* p. 438.)

Section 2016, subdivision (d), authorizes that depositions, when taken, may be used on the "hearing of a motion or an interlocutory proceeding. . . ." ▪ The discovery statutes are to be liberally construed, because their purpose is to further the efficient and economical disposition of cases according to right and justice on the merits. (*Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355.) ▪ In the instant case plaintiff sought testimony concerning an issue of fact which did not exist at the time of the trial of the eminent domain action, i.e., the question of attorneys' fees. This issue came into being upon the abandonment of the eminent domain action and it would be an unwarranted limitation of the discovery statutes to deny plaintiff the right to inquire into matters relating to this new factual issue unless defendants can show good cause therefor. Section 2019 of the Code of Civil Procedure provides that the discretion conferred on the trial court with respect to depositions may be exercised only upon a showing of good cause. (*Carlson* v. *Superior Court, supra,* p. 437.) As stated in *Carlson:* "The very language of the statute thus limits the discretion which it has created to situations wherein good cause has been shown, or where justice requires the exercise of that discretion." (P. 438.) ▪ In the present case plaintiff was entitled to take the depositions as a matter of right in the absence of any showing by defendants that this right should be suppressed. (*Carlson* v. *Superior Court, supra,* pp. 438-440.) No such showing was made here. ▪ The only grounds upon which defendants moved to prohibit the taking of depositions was that they were sought after the judgment of abandonment and that depositions are not permissible on a motion to tax costs. Both of these grounds are untenable,

Accordingly, it must be held that the trial court abused its discretion in making the order quashing the taking of the subject depositions.

The judgment is reversed with the following directions: (1) that the motion to tax costs be retried before a judge, other than the Honorable Raymond G. Callaghan, to be designated by the presiding judge of the Superior Court of Santa Clara County; and (2) that plaintiff be permitted to take the depositions, the taking of which was ordered quashed herein, at a time and place to be fixed by the said presiding judge.

Bray, P. J., and Sullivan, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied August 20, 1963. Schauer, J., was of the opinion that the petition should be granted.