Filed 5/11/23  Black v. Fireman's Fund Ins. Co. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| DOMINIQUE BLACK,<br><br>        Cross-complainant and<br><br>        Appellant,<br><br>v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>        Cross-defendant and<br><br>        Respondent. | A165731<br><br>(San Mateo County<br>Super. Ct. No. CIV511997) |

Dominque Black appeals from a trial court order amending the judgment to include costs that respondent Fireman's Fund Insurance Company (Fireman's Fund) incurred in the trial court and two prior appeals.  Black did not challenge the costs in the trial court.  Because Black has forfeited his appellate arguments, we affirm the amended judgment.

DISCUSSION

This is the fourth opinion we have issued in this case.  We recite only the facts and procedural history necessary for the disposition of this appeal.  The parties are familiar with the facts and history, and our opinion does not

1

meet the criteria for publication. (Cal. Rules of Court, rule 81105(c).)[1] We thus resolve the case before us with an abbreviated written opinion with reasons stated. (Cal. Const., art. VI, § 14.)

Fireman's Fund sued Black for civil extortion and other causes of action over threats he made after he submitted an insurance claim that was denied. Fireman's Fund ultimately dismissed its complaint with prejudice, but the litigation did not end because Black filed a cross-complaint. That part of the litigation also ended in Fireman's Fund's favor after the trial court granted the company's request to dismiss the cross-complaint for failure to bring the case to trial within five years.

This current appeal arises from an award of costs that Fireman's Fund incurred over the course of the litigation. Three separate memoranda reflected costs incurred by the company in different phases. The first phase relevant to this appeal was marked by our opinion in the second appeal in this case. (*Black v. Fireman's Fund Insurance Co*mpany (Apr. 23, 2020, A155428) [nonpub. opn.] (*Black II*).) In *Black II*, we affirmed an award of sanctions against Black, and we awarded appellate costs to Fireman's Fund. Shortly after the remittitur was issued, Fireman's Fund filed in the trial court a memorandum of costs seeking $1,256.70 for the appellate costs it incurred in litigating *Black II*. Black did not file a motion to strike or to tax costs.

On October 13, 2020, the trial court entered judgment in favor of Fireman's Fund and against Black. The following month, Fireman's Fund filed in the trial court a second memorandum of costs, seeking $18,010.97 for the costs it incurred in litigating the proceedings in the trial court. Black again did not file a motion to strike or to tax costs.

---

[1] All rule citations are to the California Rules of Court.

In June 2021, we issued our third opinion in this case. (*Black v. Fireman's Fund Insurance Co*mpany (June 30, 2021, A161284) [nonpub. opn.] (*Black III*).) In *Black III*, we again awarded appellate costs to Fireman's Fund. Shortly after the remittitur was issued, Fireman's Fund filed in the trial court a third memorandum of costs, this one seeking $1,905.20 for the appellate costs incurred in litigating *Black III*. Black again did not file a motion to strike or to tax costs.

Because the three memoranda of costs remained pending, in May 2022 Fireman's Fund asked the trial court to amend the judgment to include an award of costs in the amount of $21,172.87, reflecting the combined total of the three memoranda. In early June, the trial court granted the motion. In doing so, it explained, "Fireman's Fund . . . filed a Memorandum of Costs on Appeal in the amount of $1,256.70 on July 30, 2020, a Memorandum of Costs (Summary) in the amount of $18,010.97 on November 2, 2020, and a Memorandum of [C]osts on Appeal in the amount of $1,905.20 on October 5, 2021. [Black] did not file any motion to tax the costs listed on these three cost memoranda, and his deadline to do so has now passed." Accordingly, the trial court amended the judgment to award Fireman's Fund costs in the total amount of $21,172.87.

In light of this procedural background, we must reject the arguments Black now raises to challenge the amended judgment. To begin with, we reject Black's arguments challenging an award of attorney fees since the trial court plainly did not award any such fees. Black's heavy reliance on *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44 is thus wholly misplaced since it arose in an entirely different procedural posture.

And we reject Black's remaining arguments because they were forfeited by Black failing to contest the imposition of costs in the trial court. The

relevant rule of court provides that a prevailing party must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment or dismissal, which Fireman's Fund did here. (Rule 3.1700(a)(1).)  The rule explicitly provides, "Any notice of motion to strike or to tax costs must be served and filed 15 days after service of the cost memorandum."  (Rule 3.1700(b)(1).)  Black filed no such motion.  The rule further provides that "[a]fter the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment."  (Rule 3.1700(b)(4).)  By not objecting to the imposition of costs in the trial court, Black forfeited his ability to challenge them on appeal.  (See *Oak Grove School Dist. v. City Title Ins. Co.* (1963) 217 Cal.App.2d 678, 698 [party who fails to file timely or proper objection to memorandum of costs waives right to object].)

We lastly address Fireman's Fund's request that sanctions be imposed against Black for pursing this appeal.  Under California Code of Civil Procedure section 907 and rule 8.276(a)(1), we may award sanctions when an appeal is frivolous and taken solely to cause delay.  "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit."  (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

Sanctions cannot be sought in a respondent's brief, as Fireman's Fund has done here.  (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919.)  And although Fireman's Fund has made a reasonable case for an award of sanctions, we would decline to award them in the exercise our discretion even if they had been properly sought by separate motion.  (*Winick Corp. v. County*

4

*Sanitation Dist. No. 2* (1986) 185 Cal.App.3d 1170, 1181–1182 [whether to impose appellate sanctions is a matter within court's discretion].)

The amended judgment is affirmed.  Fireman's Fund is awarded its appellate costs.

_____
Humes, P.J.

WE CONCUR:


_____

Margulies, J.



_____

Banke, J.


*Black v. Fireman's Fund Insurance Company*  A165731

6